LEE LITIGATION GROUP, PLLC
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
30 East 39th Street, Second Floor
New York, NY 10016
Tel.: (212) 465-1188
Fax: (212) 465-1181
*Attorneys for Plaintiff, FLSA Collective
Plaintiffs and the Class*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

EDGAR ITURBIDE,
*on behalf of himself, FLSA Collective Plaintiffs and the Class*,

    Plaintiff,

v.

CHO FAMILIA DYNASTIA, INC.
    d/b/a FLOR DE MAYO,
FLOR DE MAR, INC.
    d/b/a FLOR DE MAYO,
MARVIN CHU,
DENNIS CHU and
NELSON CHO,

    Defendants.

Case No.:

CLASS AND COLLECTIVE
ACTION COMPLAINT

Jury Trial Demanded

---

Plaintiff, EDGAR ITURBIDE ("Plaintiff"), on behalf of himself and others similarly situated, by and through his undersigned attorneys, hereby files this Class and Collective Action Complaint against Defendants, CHO FAMILIA DYNASTIA, INC. d/b/a FLOR DE MAYO, FLOR DE MAR, INC. d/b/a FLOR DE MAYO ("Corporate Defendants"), MARVIN CHU, DENNIS CHU and NELSON CHO (collectively, "Individual Defendants," and together with Corporate Defendants, "Defendants") and states as follows:

1

## INTRODUCTION

1. Plaintiff alleges, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), that he is entitled to recover from Defendants: (1) unpaid minimum wage, (2) unpaid overtime compensation due to time-shaving, (3) liquidated damages and (4) attorneys' fees and costs.

2. Plaintiff further alleges that, pursuant to the New York Labor Law ("NYLL"), he is entitled to recover from Defendants: (1) unpaid minimum wage, (2) unpaid overtime compensation due to time-shaving, (3) unpaid spread of hours premium, (4) statutory penalties, (5) liquidated damages and (6) attorneys' fees and costs.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. § 216(b), 28 U.S.C. §§ 1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

4. Venue is proper in the Southern District pursuant to 28 U.S.C. § 1391.

## PARTIES

5. Plaintiff EDGAR ITURBIDE is a resident of New York County, New York.

6. Defendants operate an enterprise comprised of two restaurants under the common trade name "Flor de Mayo" with addresses as follows:

    (a)   2651 Broadway, New York, New York 10025; and

    (b)   484 Amsterdam Avenue, New York, New York 10024.

(collectively "Flor de Mayo Restaurants").

7. The Flor de Mayo Restaurants operate as a single integrated enterprise. Specifically, the Restaurants are engaged in related activities, share common ownership and have a common business purpose.

    (a) The Flor de Mayo Restaurants are advertised jointly as a common enterprise on Defendants' website: http://www.flordemayo.com/. The website's background and contact page list all of the Restaurants' locations and contact numbers. *See Exhibit A – Flor de Mayo's Contact Webpage*.

    (b) The Flor de Mayo Restaurants share a common logo and share the same menu cover (except the address and contact number on the cover). *See Exhibit B – Flor de Mayo's Menu and Menu Cover from Defendants' Website*.

    (c) Based on Plaintiff's observations and conversations with other employees, supplies and employees are interchangeable amongst the Flor de Mayo Restaurants' locations. Plaintiff worked at both locations of the Flor de Mayo Restaurants.

8. Corporate Defendants:

    (a) Corporate Defendant CHO FAMILIA DYNASTIA, INC. d/b/a FLOR DE MAYO is a domestic business corporation organized under the laws of the State of New York, with a principle place of business and an address for service of process located at 2651 Broadway, New York, New York 10025.

    (b) Corporate Defendant FLOR DE MAR, INC. d/b/a FLOR DE MAYO is a domestic business corporation organized under the laws of the State of New York, with a principle place of business and an address for service of process located at 484 Amsterdam Avenue, New York, New York 10024.

9. Individual Defendants:

    (c) Individual Defendant MARVIN CHU is an owner and chief executive officer of Corporate Defendant, FLOR DE MAR, INC. d/b/a FLOR DE MAYO. MARVIN CHU exercised control over the employment terms and conditions of Plaintiff, FLSA Collective Plaintiffs and Class members. MARVIN CHU had and exercised the power and authority to (i) fire and hire, (ii) determine rate and method of pay, (iii) determine work schedules and (iv) otherwise affect the quality of employment of Plaintiff, FLSA Collective Plaintiffs and Class members. At all times, employees could complain to MARVIN CHU regarding any of the terms of their employment, and MARVIN CHU would have the authority to effect any changes to the quality and terms of employees' employment. MARVIN CHU regularly visited the restaurant and directly reprimanded any employee who did not perform his duties correctly. MARVIN CHU ensured that employees effectively serve customers and that the business is operating efficiently and profitably. MARVIN CHU exercised functional control over the business and financial operations of Corporate Defendant, FLOR DE MAR, INC. d/b/a FLOR DE MAYO.

    (d) Individual Defendant NELSON CHO is an owner and chief executive officer of Corporate Defendant, CHO FAMILIA DYNASTIA, INC. d/b/a FLOR DE MAYO. NELSON CHO exercised control over the employment terms and conditions of Plaintiff, FLSA Collective Plaintiffs and Class members. NELSON CHO had and exercised the power and authority to (i) fire and hire, (ii) determine rate and method of pay, (iii) determine work schedules and (iv) otherwise affect the quality of employment of Plaintiff, FLSA Collective Plaintiffs and Class members. At all times, employees could complain to NELSON CHO regarding any of the terms of their employment, and NELSON CHO would have the authority to effect any changes to the quality and terms of employees' employment. NELSON CHO regularly

visited the restaurant and directly reprimanded any employee who did not perform his duties correctly. NELSON CHO ensured that employees effectively serve customers and that the business is operating efficiently and profitably. NELSON CHO exercised functional control over the business and financial operations of Corporate Defendant, CHO FAMILIA DYNASTIA, INC d/b/a FLOR DE MAYO.

    (e) Individual Defendant DENNIS CHU is a principal of Corporate Defendant, CHO FAMILIA DYNASTIA, INC. d/b/a FLOR DE MAYO. DENNIS CHU exercised control over the employment terms and conditions of Plaintiff, FLSA Collective Plaintiffs and Class members. DENNIS CHU had and exercised the power and authority to (i) fire and hire, (ii) determine rate and method of pay, (iii) determine work schedules and (iv) otherwise affect the quality of employment of Plaintiff, FLSA Collective Plaintiffs and Class members. At all times, employees could complain to DENNIS CHU regarding any of the terms of their employment, and DENNIS CHU would have the authority to effect any changes to the quality and terms of employees' employment. DENNIS CHU regularly visited the restaurant and directly reprimanded any employee who did not perform his duties correctly. DENNIS CHU ensured that employees effectively serve customers and that the business is operating efficiently and profitably. DENNIS CHU exercised functional control over the business and financial operations of Corporate Defendant, CHO FAMILIA DYNASTIA, INC. d/b/a FLOR DE MAYO.

10. At all relevant times, each of the Corporate Defendants was and continues to be an "enterprise engaged in commerce" within the meaning of the FLSA and New York Labor Law and the Regulations thereunder.

11. At all relevant times, the work performed by Plaintiff, FLSA Collective Plaintiffs and Class members was directly essential to the business operated by Defendants.

## FLSA COLLECTIVE ACTION ALLEGATIONS

12. Plaintiff brings claims for relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all non-exempt employees, including cooks, food preparers, dishwashers, cashiers, hosts/hostesses, porters, bartenders, barbacks, servers, runners, bussers and delivery persons, employed by Defendants on or after the date that is six years before the filing of the Complaint in this case as defined herein ("FLSA Collective Plaintiffs").

13. At all relevant times, Plaintiff and FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subjected to Defendants' decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules, all culminating in a willful failure and refusal to pay them the proper overtime compensation at the rate of one and one half times the regular hourly rate for work in excess of forty (40) hours per workweek due to time-shaving. With regard to Plaintiff and a subgroup of FLSA Collective Plaintiffs who were tipped employees ("Tipped Subclass") (i.e. bartenders, barbacks, servers, bussers, runners and delivery persons), Defendants were not entitled to take any tip credits because they failed to meet statutory requirements under the FLSA. The claims of Plaintiff stated herein are essentially the same as those of FLSA Collective Plaintiffs.

14. The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to § 16(b) of the FLSA, 29 U.S.C. § 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## RULE 23 CLASS ALLEGATIONS – NEW YORK

15. Plaintiff brings claims for relief pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all non-exempt employees, including cooks, food preparers, dishwashers, cashiers, hosts/hostesses, porters, bartenders, barbacks, servers, runners, bussers and delivery persons, employed by Defendants on or after the date that is six years before the filing of the Complaint in this case as defined herein (the "Class Period").

16. All said persons, including Plaintiff, are referred to herein as the "Class." The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The hours assigned and worked, the position held, and rates of pay for each Class member are also determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under F.R.C.P. 23.

17. The proposed Class is so numerous that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, the facts on which the calculation of that number are presently within the sole control of Defendants, there is no doubt that there are more than forty (40) members of the Class. The Class further includes a subclass of tipped employees comprised of servers, bussers, runners, bartenders, barbacks and delivery persons ("Tipped Subclass") who also number more than forty (40). Plaintiff is a member of both the Class and the Tipped Subclass.

18. Plaintiff's claims are typical of those claims, which could be alleged by any member of the Class, and the relief sought is typical of the relief, which would be sought by each member of the Class in separate actions. All the Class members were subject to the same

7

corporate practices of Defendants, as alleged herein, of (i) failing to pay overtime compensation due to time-shaving, (ii) failing to pay spread of hours premium, (ii) failing to provide proper wage statements per requirements of the New York Labor Law, and (iv) failing to provide proper wage and hour notices per requirements of the New York Labor Law. With regard to Plaintiff and the Tipped Subclass, Defendants were not entitled to take any tip credits because they failed to meet statutory requirements under the New York Labor Law. Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiff and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

19. Plaintiff is able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class. Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

20. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of the wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against a corporate defendant. Class action treatment will permit a large number of similarly situated persons to prosecute common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class

members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendant and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

21. Defendants and other employers throughout the state violate the New York Labor Law. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the Complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing these risks.

22. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

(a) Whether Defendants employed Plaintiff and Class members within the meaning of the New York law;

(b) What are and were the policies, practices, programs, procedures, protocols and plans of Defendants regarding the types of work and labor for which Defendants did not pay the Class members properly;

(c) At what common rate, or rates subject to common methods of calculation, was and are Defendants required to pay Plaintiff and Class members for their work;

(d) Whether Defendants properly notified Plaintiff and Class members of their regular hourly rate and overtime rate;

(e) Whether Defendants paid Plaintiff and Tipped Subclass members the proper minimum wage under the New York Labor Law;

(f) Whether Defendants provided proper notice to Plaintiff and Tipped Subclass members that Defendants were taking a tip credit;

(g) Whether Defendants provided proper wage statements informing Plaintiff and Tipped Subclass members of the amount of tip credit taken for each payment period and other information required to be provided on wage statements;

(h) Whether Defendants took the proper amount of tip credit allowance from Plaintiff and Tipped Subclass members under the New York Labor Law;

(i) Whether Defendants required Plaintiff and Tipped Subclass members to perform non-tipped work for more than 20 percent of their workday;

(j) Whether Defendants kept daily records of tips earned by Plaintiff and the Tipped Subclass members;

(k) Whether Defendants paid Plaintiff and Class members the proper overtime compensation under the New York Labor Law;

(l) Whether Defendants paid Plaintiff and Class members for all hours worked given Defendants' illegal policy of time-shaving.

(m) Whether Defendants paid Plaintiff and Class members the spread of hours premium as required by the New York Labor Law;

(n) Whether Defendants provided proper wage statements to Plaintiff and Class members per requirements of the New York Labor Law; and

(o) Whether Defendants provided proper wage and hour notices to Plaintiff and Class members per requirements of the New York Labor Law.

## STATEMENT OF FACTS

23. In or about October 2014, Plaintiff EDGAR ITURBIDE was employed by Defendants to work as a server for Defendants' "Flor de Mayo" restaurant located at 484 Amsterdam Avenue, New York, New York 10024. In or about October 2015, Plaintiff was transferred to work as a server for another "Flor de Mayo" restaurant located at 2651 Broadway, New York, New York 10025. Plaintiff's employment was terminated on October 17, 2016.

24. During the employment of Plaintiff EDGAR ITURBIDE, he worked over forty (40) hours per week. During Plaintiff EDGAR ITURBIDE's employment by Defendants, he regularly worked over ten (10) hours per day.

25. Throughout his entire employment, Plaintiff was scheduled to work 5 days a week as follows: from 3:30 p.m. to 1:00 a.m. on Tuesdays, from 2:30 p.m. to 1:00 a.m. on Wednesdays and Thursdays, and from 1:30 p.m. to 1:00 a.m. on Saturdays and Sundays; with a half-hour lunch break each workday, for a total of 51 hours per week. Even though Plaintiff worked 51 hours per week, his weekly wage statements would state that Plaintiff only worked 40 hours per week, such that the number of hours Plaintiff was shaved was approximately 11 hours per week.

FLSA Collective Plaintiffs and Class members were required to work similar hours and suffered a similar policy of time-shaving.

26. From the start of his employment until in or about January 2016, Plaintiff was paid an hourly rate of $5.00 per hour in cash. From in or about January 2016 until in or about March 2016, Plaintiff was paid an hourly rate of $7.50 per hour in cash. From in or about March 2016 until the end of his employment, he was paid an hourly rate of $7.50 per hour by check. Based on Plaintiff EDGAR ITURBIDE's direct observations and conversations with other employees at Defendants' restaurants, Tipped Subclass members worked similar hours and were paid similarly.

27. At all relevant times, Defendants paid Plaintiff and Tipped Subclass members below the prevailing minimum wage in violation of the FLSA and NYLL.

28. Plaintiff and Tipped Subclass members did not receive proper notice that Defendants were claiming a tip credit. In addition, Plaintiff and Tipped Subclass members did not receive notice informing them that the tips they received must be retained by them except for a valid tip pooling arrangement, or that the tip credit taken by Defendants may not exceed the value of tips that they actually received. Further, Defendants failed to provide proper wage statements informing Plaintiff and Tipped Subclass members of the amount of tip credit taken for each payment period.

29. During his employment with Defendants, Plaintiff was required to engaged in various non-tipped activities, such as taking out all garbage, making drinks with bartenders, sweeping the floor and cleaning the restaurant, for twenty (20) percent or more of their workday. Based on Plaintiff's direct observations and conversations with other employees, Tipped

Subclass members similarly spent at least twenty (20) percent of their workday performing such non-tipped activities.

30. At all relevant times, Plaintiff, FLSA Collective Plaintiffs and Class members regularly worked over forty (40) hours per week, but Defendants failed to pay them the proper overtime compensation due to time-shaving, in violation of the FLSA and NYLL.

31. At all times relevant, Defendants failed to pay Plaintiff and Class members for all hours worked due to a policy of time-shaving, in violation of the FLSA and NYLL.

32. At all times relevant, the workdays of Plaintiff and Class members regularly exceeded ten (10) hours per day. However, Defendants failed to pay Plaintiff and Class members the spread of hours premium as required by NYLL.

33. At no time during the relevant time periods did Defendants provide Plaintiff or Class members with proper wage and hour notices or wage statements as required by NYLL.

34. Defendants knowingly and willfully operated their business with a policy of not paying Plaintiff and Tipped Subclass members either the FLSA minimum wage or the New York State minimum wage. With regard to Tipped Subclass members, Defendants were not entitled to take any tip credits because they failed to meet statutory requirements under the FLSA and NYLL.

35. Defendants knowingly and willfully operated their business with a policy of not paying either the FLSA overtime rate (of time and one-half) or the New York State overtime rate (of time and one-half) to Plaintiff, FLSA Collective Plaintiffs and Class members for all hours worked in excess of forty (40) hours per week.

36. Defendants knowingly and willfully operated their business with a policy of not paying Plaintiff and Class members for all their hours worked due to time-shaving, in violation of the NYLL.

37. Defendants knowingly and willfully operated their business with a policy of not paying the spread of hour premium to Plaintiff and Class members, in violation of the NYLL.

38. Defendants knowingly and willfully operated their business with a policy of not providing proper wage statements to Plaintiff and Class members, in violation of the NYLL.

39. Defendants knowingly and willfully operated their business with a policy of not providing proper wage and hour notices to Plaintiff and Class members, in violation of the NYLL.

40. Plaintiff retained Lee Litigation Group, PLLC to represent Plaintiff, FLSA Collective Plaintiffs and Class members in this litigation and has agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM

### COUNT I

### VIOLATION OF THE FAIR LABOR STANDARDS ACT

41. Plaintiff realleges and reavers Paragraphs 1 through 40 of this class and collective action Complaint as if fully set forth herein.

42. At all relevant times, Defendants were and continue to be employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiff and FLSA Collective Plaintiffs are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

43. At all relevant times, Defendants employed Plaintiff and FLSA Collective Plaintiffs within the meaning of the FLSA.

44. At all relevant times, each of the Corporate Defendants had gross annual revenues in excess of $500,000.

45. At all relevant times, Defendants engaged in a policy and practice of refusing to pay Plaintiff and FLSA Collective Plaintiffs for all hours worked due to time-shaving.

46. At all relevant times, Defendants had a policy and practice of failing to pay the statutory minimum wage to Plaintiffs and Tipped Subclass members for their hours worked.

47. At all relevant times, Defendants had a policy and practice of failing to pay overtime compensation at the statutory rate of time and one-half to Plaintiff and FLSA Collective Plaintiffs for their hours worked in excess of forty (40) hours per workweek.

48. Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiff and Tipped Subclass members at the statutory minimum wage when Defendants knew or should have known such was due.

49. Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiff and FLSA Collective Plaintiffs at the the statutory overtime premium of time and one-half for their hours worked in excess of forty (40) hours per week when Defendants knew or should have known such was due.

50. Defendants failed to properly disclose or apprise Plaintiff and FLSA Collective Plaintiffs of their rights under the FLSA.

51. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff and FLSA Collective Plaintiffs are entitled to liquidated (i.e. double) damages pursuant to the FLSA.

52. Due to the intentional, willful and unlawful acts of Defendants, Plaintiff and FLSA Collective Plaintiffs suffered damages in an amount not presently ascertainable of unpaid minimum wage and unpaid overtime compensation, plus an equal amount as liquidated damages.

53. Records, if any, concerning the number of hours worked by Plaintiff and FLSA Collective Plaintiffs and the actual compensation paid to Plaintiff and FLSA Collective Plaintiffs are in the possession and custody of Defendants. Plaintiff intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

54. Plaintiff and FLSA Collective Plaintiffs are entitled to an award of their reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

## COUNT II

## VIOLATION OF THE NEW YORK LABOR LAW

55. Plaintiff realleges and reavers Paragraphs 1 through 54 of this class and collective action Complaint as if fully set forth herein.

56. At all relevant times, Plaintiff and Class members were employed by Defendants within the meaning of the New York Labor Law §§ 2 and 651.

57. Defendants knowingly and willfully violated Plaintiff's and Tipped Subclass members' rights by failing to pay them the minimum wage required by the New York Labor Law. As factually described above, Defendants were not entitled to any tip credits under NYLL with respect to the Tipped Subclass.

58. Defendants knowingly and willfully violated Plaintiff's and Class members' rights by failing to pay them the proper overtime compensation at rates of not less than one and

one-half times the regular rate of pay for each hour worked in excess of forty (40) hours in a workweek, due to time-shaving.

59. Defendants knowingly and willfully violated Plaintiff's and Class members' rights by failing to pay them for all hours worked due to a policy of time-shaving.

60. Defendants knowingly and willfully violated Plaintiff's and Class members' rights by failing to pay the spread of hours premium for each workday that exceeded ten (10) hours.

61. Defendants knowingly and willfully failed to provide proper wage and hour notices to Plaintiff and Class members, as required by New York Labor Law § 195(1).

62. Defendants knowingly and willfully failed to provide proper wage statements to Plaintiff and Class members with every wage payment, as required by New York Labor Law § 195(3).

63. Due to Defendants' New York Labor Law violations, Plaintiff and Class members are entitled to recover from Defendants their unpaid minimum wage, unpaid overtime compensation due to time-shaving, unpaid spread of hours premium, damages for unreasonably delayed payments, statutory penalties, liquidated damages, reasonable attorneys' fees and costs and disbursements of the action, pursuant to New York Labor Law.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff on behalf of himself, FLSA Collective Plaintiffs and Class members, respectfully requests that this Court grant the following relief:

a. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and NYLL;

b. An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

c. An award of unpaid minimum wage due under the FLSA and NYLL;

d. An award of unpaid overtime compensation due under the FLSA and NYLL;

e. An award of unpaid compensation due to a policy of time-shaving;

f. An award of unpaid spread of hours due under the New York Labor Law;

g. An award of statutory penalties as a result of Defendants' failure to comply with the NYLL wage notice and wage statement requirements;

h. An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay minimum wage and overtime compensation, pursuant to the FLSA;

i. An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay minimum wage, overtime compensation and spread of hours premium, pursuant to the NYLL;

j. An award of prejudgment and postjudgment interest, costs and expenses of this action together with reasonable attorneys' and expert fees and statutory penalties;

k. Designation of Plaintiff as Representative of the FLSA Collective Plaintiffs;

l. Designation of this action as a class action pursuant to F.R.C.P. 23;

m. Designation of Plaintiff as Representative of the Class; and

n. Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all issues so triable as of right by jury.

Dated: January 26, 2017

Respectfully submitted,

LEE LITIGATION GROUP, PLLC
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
30 East 39th Street, Second Floor
New York, NY 10016
Tel.: (212) 465-1188
Fax: (212) 465-1181
*Attorneys for Plaintiff, FLSA Collective Plaintiffs and the Class*

By: */s/ C.K. Lee*
C.K. Lee, Esq.