IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| EDGAR ITURBIDE, on behalf of himself and others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> CHO FAMILY DYNASTIA, INC. d/b/a FLOR DE MAYO, FLOR DE MAR, INC. d/b/a FLOR DE MAYO, MARVIN CHU, DENNIS CHU and NELSON CHO, <br><br> Defendants. | No. 17 CV 0596 |

**DECLARATION OF C.K. LEE IN SUPPORT OF PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT, CONDITIONAL CERTIFICATION OF THE SETTLEMENT CLASS, APPOINTMENT OF PLAINTIFF'S COUNSEL AS CLASS COUNSEL, AND APPROVAL OF PLAINTIFF'S PROPOSED NOTICES OF SETTLEMENT**

I, C.K. Lee, declare as follows:

1.  I am a partner in the firm of the Lee Litigation Group, PLLC ("LLG") in New York, New York, and Plaintiff's counsel herein.

2.  I am the lawyer primarily responsible for prosecuting Plaintiff's claims on behalf of the proposed class.

3.  I make these statements based on personal knowledge and would so testify if called as a witness before the Court.

**My Background and Experience**

4.  I received a BS/BA from the University of Michigan/Ann Arbor, with concentrations in Biology and Chinese Language & Culture. I received a Juris Doctorate degree

from The University of Pennsylvania Law School in 1997. I was admitted to the New York bar in 1998. I am also admitted to the bars of the United States Supreme Court, the Second Circuit Court of Appeals, the United States District Courts for the Eastern, Southern, Western and Northern Districts of New York. I am a member in good standing of each of these bars. I have served as lead counsel in numerous wage and hour class and collective actions.

5. Prior to establishing my own firm, I was associated with some of the top firms in New York City, including Clifford Chance, Morrison & Foerster and Schulte Roth & Zabel.

6. Since April 2009, I have been engaged primarily in prosecuting wage and hour class and collective action cases.

7. I have been appointed as lead counsel in several wage and hour cases that district courts have certified as class actions and/or collective actions including *Santana, et al. v. Fishlegs LLC, et al.*, No. 13 Civ. 1628 (S.D.N.Y. 2016); *Perez v. Dos Toros, LLC, et al.*, No. 14 Civ. 9183 (S.D.N.Y. 2016); *Sanchez v. JMP Ventures, L.L.C., et al.,* No. 13 Civ. 7264 (S.D.N.Y. 2015); *Carillo v. 27-39 East 30 Rest. Corp., et al.*, No. 13 Civ. 4491 (S.D.N.Y. 2015); *Viafara v. MCIZ Corp., et al.*, No. 12 Civ. 7452 (S.D.N.Y. 2014); *Romero v. La Revise Associates LLC, et al.*, No. 12 Civ. 8324 (S.D.N.Y. 2014); *Sanjaya v. Inakaya USA, Inc.*, No. 12 Civ. 4500 (S.D.N.Y. 2012), among others.

8. Courts have repeatedly found LLG to be adequate class counsel in wage and hour class actions. *See Santana, et al. v. Fishlegs LLC, et al.*, No. 13 Civ. 1628 (S.D.N.Y. 2016); *Perez v. Dos Toros, LLC, et al.*, No. 14 Civ. 9183 (S.D.N.Y. 2016); *Sanchez v. JMP Ventures, L.L.C., et al.,* No. 13 Civ. 7264 (S.D.N.Y. 2015); *Carillo v. 27-39 East 30 Rest. Corp., et al.*, No. 13 Civ. 4491 (S.D.N.Y. 2015); *Viafara v. MCIZ Corp., et al., No. 12 Civ. 7452* (S.D.N.Y. 2014) *citing Hernandez v. Anjost Corp., No. 11 Civ. 1531, 2013 WL 4145952, at \*4* (S.D.N.Y. 2013)

(finding Lee Litigation Group, PLLC "well qualified" to represent the class).

**Nature of Plaintiff's Claims**

9. Plaintiff and the members of the New York Labor Law ("NYLL") class are all current and former employees of the Defendants at the Flor de Mayo restaurants located at 2651 Broadway, New York, New York and/or 484 Amsterdam Ave., New York, New York, employed from January 26, 2011 to June 12, 2017, and who do not opt-out of the class ("NYLL Class").

10. Plaintiff and the members of the Fair Labor Standards Act ("FLSA") collective class are all current and former employees of the Defendants at the Flor de Mayo restaurants located at 2651 Broadway, New York, New York and/or 484 Amsterdam Ave., New York, New York, employed from January 26, 2014 to June 12, 2017, who endorse and/or cash their settlement checks ("FLSA Class" together with "NYLL Class", "Class Members" or "the Class").

11. There are approximately 300 Class Members in this case.

12. Plaintiff and Class Members allege that Defendants (i) failed to pay minimum wages, (ii) failed to pay proper overtime, (iii) failed to pay spread of hours premium, and (iv) failed to meet the NYLL's requirements on wage statements and notices.

**Investigation and Discovery**

13. Before filing the Complaint, Plaintiff's Counsel conducted a thorough investigation. This included investigation and legal research on the underlying merits of the class claims, the likelihood of obtaining liquidated damages, the proper measure of damages, and the likelihood of class certification.

14. LLG had in-depth interviews with the named Plaintiff. Plaintiff's Counsel also obtained documents and data from the named Plaintiff that helped evaluate the risks of the case.

15. Discovery in this case has consisted of reviewing and analyzing thousands of pages of employment records, including, including time and payroll records, tip records and sample wage notices, covering periods from January 2014 through December 2016. Such documents were analyzed to calculate the damages owed to the named Plaintiff and the Class Members.

16. Plaintiff's Counsel has provided a benefit to the class and the judicial system by agreeing to cooperate in the prosecution and settlement of this case.

**Settlement Negotiations**

17. After the Complaint was filed on January 26, 2017, the parties attended the initial conference on March 10, 2017 and commenced discovery. Thereafter, the parties began to discuss the possibility of class settlement. The parties agreed to engage in a private mediation in an attempt to resolve the case. By letter dated March 30, 2017 the parties informed the Court of the mediation and sought a stay of the litigation pending mediation, which was granted by the Court on April 3, 2017.

18. In advance of the mediation, Defendants produced thousands of pages of electronic employment records, including, including time and payroll records, tip records and sample wage notices, covering periods from January 2014 through December 2016 for Plaintiff to calculate class liability. In advance of the mediation, Plaintiff submitted a detailed mediation statement that explained the claims, noted Defendants' vulnerabilities, acknowledged risk, and explained the damage calculations.

19. The parties held a full-day in-person mediation with experienced mediator Ruth Raisfeld on June 12, 2017 during which a settlement in principle was reached.

20. During the months thereafter, the parties continued negotiating the terms of the class settlement, which was memorialized in the Settlement Agreement.

21. At all times during the settlement negotiation process, negotiations were conducted on an arm's-length basis.

**Reaction of the Class Has Been Positive**

22. At this early stage in the process, named Plaintiff has expressed his approval of the Settlement.

**Settlement Terms and Allocation Formula**

23. A true and correct copy of the parties' Settlement Agreement is attached as **Exhibit A**.

24. The Settlement Agreement creates a common fund of $300,000 (Settlement Agreement) § 3.1, which covers Class Members' awards, the cost of settlement administration, any Court-approved service payment, and any Court-approved attorneys' fees and expenses.

25. After deduction of all Court-approved service awards, fees, expenses and costs from the Gross Settlement Fund (the "Net Settlement Amount"), individual settlement amounts will be computed based on the number of workweeks worked by Class Members during the Class Period.

The allocations shall be made in accordance with the dates of employment set forth in the confidential document provided by Defendants' Counsel. (Settlement Agreement) § 3.5(A).

**Claims Administration**

26. The Claims Administrator will be Advanced Litigation Strategies, LLC, an administration company under common control of Class Counsel. (Settlement Agreement) § 1.23.

27. The Claims Administrator's fees of $25,000 will be paid out of the Settlement Fund.  (Settlement Agreement) § 1.23.

28. Attached as **Exhibit B** is the proposed Notice of Proposed Settlement of Class Action Lawsuit and Fairness Hearing ("Proposed Rule 23 Notice").

I declare under penalty of perjury, under 28 U.S.C. § 1746, that the foregoing is true and correct.

Dated: August 21, 2017
New York, New York

By: /s/ C.K. Lee
C.K. Lee (CL 4086)
Lee Litigation Group, PLLC
30 East 39th Street, Second Floor
New York, New York 10016
Telephone:  (212) 465-1188