# Exhibit A

## [Settlement Agreement]

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------x

EDGAR ITURBIDE, *on behalf of himself,*
*FLSA Collective Plaintiffs and the Class,*

                           Plaintiffs,

        -against-

CHO FAMILIA DYNASTIA, INC. d/b/a
FLOR DE MAYO, FLOR DE MAR, INC.
d/b/a FLOR DE MAYO, MARVIN CHU,
DENNIS CHU and NELSON CHO,

                           Defendants.

-------------------------------------------------------x

Civil Action No.: 17-CV-0596

Netburn, M.J.

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release (the "Agreement") is entered into by and between Defendants CHO FAMILY DYNASTIA, INC. d/b/a Flor de Mayo, FLOR DE MAR, INC. d/b/a Flor de Mayo, MARVIN CHU, DENNIS CHU and NELSON CHO (collectively, "Defendants" or "Flor de Mayo"), and Plaintiff EDGAR ITURBIDE (the "Plaintiff"), individually and on behalf of a putative class he represents (the "Class") (Plaintiff and Defendants collectively "Parties").

1.     RECITALS AND BACKGROUND

WHEREAS, on January 26, 2017, a Rule 23 Class and FLSA Collective Action Complaint was filed by Plaintiff, against Defendants;

WHEREAS, Plaintiff alleged that Defendants violated the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") and New York Labor Law ("NYLL") by, *inter alia,* allegedly failing to pay minimum wages, tips, overtime, spread of hours premiums, and as a result allegedly owed Plaintiff and the putative class liquidated damages, penalties, and attorneys' fees and costs, (the "Litigation");

WHEREAS, on March 10, 2017 the Parties attended an Initial Conference;

WHEREAS, on March 30, 2017, the Parties sought a stay of the litigation while the Parties engaged in private mediation;

WHEREAS, the Court granted the application for a stay on April 3, 2017;

WHEREAS, the Parties participated in a mediation on June 12, 2017 with mediator Ruth Raisfeld who is an experienced wage and hour mediator and has helped resolve dozens of class action lawsuits brought against restaurant owners in this district;

WHEREAS, the purpose of this Agreement is to settle fully and finally all Released FLSA Claims and Released Rule 23 Class Claims, between Plaintiff, the Class and Defendants, including but not limited to all claims asserted in the Litigation;

WHEREAS, Defendants denied and continue to deny all of the allegations made by or on behalf of Plaintiff or Class Members in the Litigation, deny that they violated any laws or regulations, and deny that they owe Plaintiff and the Class any payments, including but not limited to any unpaid wages, unpaid overtime, unpaid spread of hours payments, liquidated damages, penalties, or attorneys' fees and costs;

WHEREAS, without acknowledging, admitting, or conceding that class and collective certification is warranted, without further acknowledging, admitting, or conceding any liability or damages whatsoever, Defendants agreed to settle the Litigation, on the terms and conditions set forth in this Agreement, to avoid the burden, expense, and uncertainty of continuing the Litigation; and

WHEREAS, Plaintiff's Counsel analyzed and evaluated the merits of the claims made against Defendants and the impact of this Agreement on Plaintiff and Class Members of the collective and class action, including but not limited to engaging in written discovery, and based upon their analysis and evaluation of a number of factors, and recognizing the substantial risks of continued litigation, including but not limited to the possibility that the Litigation, if not settled now, might not result in any recovery whatsoever, might result in a recovery that is less favorable and that would not occur for several years, or the ability to collect on a judgment, Plaintiff's Counsel is satisfied that the terms and conditions of this Agreement are fair, reasonable and adequate and that this Agreement is in the best interest of the Plaintiff and Class Members.

NOW THEREFORE, in consideration of the mutual covenants and promises set forth in this Agreement, as well as the good and valuable consideration provided for herein, the Parties hereto agree to a full and complete settlement of the Litigation on the following terms and conditions:

## 1.   DEFINITIONS

The defined terms set forth in this Agreement have the meanings ascribed to them below.

**1.1   Agreement.** "Agreement" means this Settlement Agreement and Release.

1
2
  **1.2**   **Authorized Claimant.** A Class Member who does not opt-out of the proposed settlement thus becomes entitled to receive an Individual Settlement Allocation.

3
4
5
6
  **1.3**   **Bar Date.** The date by which any Class Member who wishes to opt-out of the settlement must postmark and submit an Opt-out Statement, which date shall be no later than forty-five (45) days after the initial mailing of Notice by the Settlement Administrator.

7
8
9
  **1.4**   **Class Counsel.** "Class Counsel" or "Plaintiff's Counsel" shall mean C.K. Lee, Esq., Lee Litigation Group, PLLC, 30 East 39th Street, Second Floor New York, NY 10016.

10
11
12
13
14
  **1.5**   **Class Members.** "Class Members" shall mean the named Plaintiff and up to 400 current and former employees employed by Defendants at the Flor de Mayo restaurants located at 2651 Broadway, New York, NY and/or 484 Amsterdam Ave., New York, NY from January 26, 2011 to June 12, 2017. Class Members are treated as a class for the purposes of settlement only.

15
16
17
18
19
20
21
22
23
24
25
  **1.6**   **Class List.** A list of all Class Members (not exceeding 400 individuals), identified by: (i) name; (ii) last known address and telephone number; (iii) dates of employment; (iv) restaurant location, and (v) social security number, as that information exists on file with Defendants, that Defendants shall provide to Class Counsel and the Settlement Administrator. The Class List is to be used by Class Counsel and Settlement Administrator to effectuate settlement, and may not be used for any other purpose. The Class List is to remain confidential pursuant to the Confidentiality provision set forth herein. If the total number of Class Members exceeds 400 individuals, the Settlement Amount will be increased, proportionate to the per person settlement amount under the original Settlement Amount.

26
27
  **1.7**   **Court.** "Court" means the United States District Court for the Southern District of New York.

28
29
  **1.8**   **Days.** "Days" means business days if the specified number is less than 5, and calendar days if the specified number is 5 or greater.

30
31
32
  **1.9**   **Defendants' Counsel.** "Defendants' Counsel" shall mean William H. Ng, Esq., Littler Mendelson P.C., 290 Broadhollow Rd., Suite 305, , Melville, New York 11747.

33
34
35
  **1.10**  **Fairness Hearing.** "Fairness Hearing" means the hearing before the Court relating to the Motion for Final Approval.

36
37
38
39
40
  **1.11**  **Final Approval Order.** "Final Approval Order" means the Order entered by the Court after the Fairness Hearing, approving the terms and conditions of this Agreement, distribution of the Settlement Checks and Service Award, and Dismissal of the Litigation with prejudice.

-3-

**1.12   Final Effective Date.**  Provided no appeal is timely filed, the "Final Effective Date" means the later of thirty (30) days after (1) the Court has entered a Final Approval Order approving this settlement or the Gross Settlement Fund has been fully funded by Defendants as provided in Section 3.1(b) of this Agreement; (2) the Court has entered the Final Approval Order as provided in Section 2.9 of this Agreement; and (3) the time to appeal from the Final Approval Order has expired and no notice of appeal has been filed or, if a notice of appeal is filed, the latest of the following, if applicable, has occurred: (a) any appeal from the Final Approval Order has been finally dismissed; (b) the Final Approval Order has been affirmed on appeal in a form substantially identical to the form of the Final Approval Order entered by the Court; (c) the time to petition for review with respect to any appellate decision affirming the Final Approval Order has expired; and (d) if a petition for review of an appellate decision is filed, the petition has been denied or dismissed or, if granted, has resulted in affirmance of the Final Approval Order in a form substantially identical to the form of the Final Approval Order entered by the Court.

**1.13   Individual Settlement Allocation.**   "Individual Settlement Allocation" shall mean the amount payable to each Authorized Claimant pursuant to Section 3.5 of this Agreement.

**1.14   Released Rule 23 Class Claims.**  "Released Rule 23 Class Claims" means all claims, rights, liens, demands, damages, penalties, fines, wages, liquidated damages, restitutionary amounts, attorneys' fees and costs, punitive damages, controversies, and liabilities (including but not limited to participation to any extent in any class or collective action) related to any wage and hour claims that have been or could have been asserted under New York state law by or on behalf of Class Members against the Released Parties, excluding Class Members who opt-out of the settlement, for the period January 26, 2011 to June 12, 2017, including but not limited to under the New York State Labor Law.  The Parties expressly acknowledge that the Released Rule 23 Class Claims are intended to include and do include without limitation all such claims which Class Members, excluding Class Members who opt-out of the settlement, do not know or suspect to exist in their favor against the Released Parties relating to the Released Rule 23 Class Claims and that this Agreement expressly contemplates the extinguishment of any and all such claims.

**1.15   Released FLSA Claims.** "Released FLSA Claims" means all claims, rights, liens, demands, damages, penalties, fines, wages, liquidated damages, restitutionary amounts, attorneys' fees and costs, punitive damages, controversies, and liabilities (including but not limited to participation to any extent in any class or collective action) related to any wage and hour claims that have been or could have been asserted under federal law by or on behalf of Authorized Claimants against the Released Parties, in the Litigation for the period January 26, 2014 to June 12, 2017, including but not limited to under the Fair Labor Standards Act.  The Parties expressly acknowledge that the Released FLSA Claims are intended to

-4-

include and do include without limitation all such claims which Authorized Claimants do not know or suspect to exist in their favor against the Released Parties relating to the Released FLSA Claims and that this Agreement expressly contemplates the extinguishment of any such claims.

**1.16**   **Released Parties.** "Released Parties" means Defendants (including Dennis Chu, Marvin Chu and Nelson Cho) and any of their former and present officers, directors, owners, equity holders, parents, subsidiaries, employees, insurers, co-insurers, re-insurers, attorneys, accountants, general and limited partners, and/or assigns, each in their capacities as such.

**1.17**   **Gross Settlement Fund.** "Gross Settlement Fund" refers to $300,000, the amount Defendants have agreed to pay to the Settlement Administrator pursuant to this Agreement to fully resolve and satisfy any claim for attorneys' fees, expenses and costs approved by the Court, administration fees, any and all amounts to be paid to Authorized Claimants, and any Court-approved Service Awards.

**1.18**   **Named Plaintiff.** "Named Plaintiff" refers to Edgar Iturbide.

**1.19**   **Notice or Notices.** "Notice" or "Notices" means the Court–approved Notices of Proposed Settlement of Class Action and Collective Action Lawsuit including but not limited to notice of an opportunity to opt-out and/or object to the proposed Settlement, attached hereto as **Exhibit A**.

**1.20**   **Objector.** "Objector" means an individual who properly files an objection to this Agreement, in accordance with the terms and conditions set forth herein and applicable law, and does not include any individual who opts-out of this Agreement.

**1.21**   **Opt-out Statement.** "Opt-out Statement" is a written, dated, and signed statement that an individual Class Member has decided to opt-out and not be included in this Agreement.

**1.22**   **Preliminary Approval Order.** "Preliminary Approval Order" means the Order entered by the Court: (i) preliminarily approving the terms and conditions of this Agreement and (ii) directing the manner and timing of providing Notices to the Class Members.

**1.23**   **Settlement Administrator.** The "Settlement Administrator" refers to Advanced Litigation Strategies, LLC, a third party administrator under common control of Plaintiff's counsel, who will mail the Notices, administer the allocation, and distribute the payment of legal fees and expenses and that portion of the Gross Settlement Fund as determined by the number of Authorized Claimants in this matter. The Settlement Administrator's fees of $25,000 shall be paid from the Gross Settlement Fund. Defendants will not contest the administration fees and such amount shall be paid to Settlement Administrator even if the settlement

payments are not completed in full. The selection of the "Settlement Administrator" is subject to court approval and, if the court declines to approve Advanced Litigation Strategies, LLC, the Plaintiff's counsel shall engage another Settlement Administrator that is satisfactory to the Defendants and approved by the court.

1.24 **Settlement Checks.** "Settlement Checks" means checks issued to Class Members for their share of the Gross Settlement Fund calculated in accordance with this Agreement.

2. **INITIAL PROCEDURAL ISSUES**

2.1 **Binding Agreement.** This Agreement is a binding agreement and contains all material agreed-upon terms.

2.2 **Retention of the Settlement Administrator.** Within five (5) days after the filing of a Motion for Preliminary Approval, Class Counsel shall retain the Settlement Administrator for an amount not to exceed $25,000.

2.3 **Responsibilities of Settlement Administrator.** The Settlement Administrator shall be responsible for: (i) preparing, printing and disseminating to Class Members the Class Notice; (ii) promptly and simultaneously copying counsel for all Parties on material correspondence and promptly and simultaneously notifying all counsel for the Parties of any material requests or communications made by any Party; (iii) promptly and simultaneously furnishing to counsel for the Parties copies of any requests for exclusion, objections or other written or electronic communications from Class Members which the Settlement Administrator receives; (iv) receiving and reviewing the Opt-out Statements submitted by Class Members; (v) keeping track of requests for exclusion including but not limited to maintaining the original mailing envelope in which the request was mailed; (vi) calculating distribution amounts to Class Members; (vii) mailing the settlement checks to Authorized Claimants, (viii) providing a final report detailing the results of the class mailings and participation to Defendants' counsel, and (ix) effectuating any notices required by the Class Action Fairness Act.

2.4 **Class Notice.** The Class Notice, a copy of which is attached hereto as **Exhibit A**, will inform Class Members about this Settlement and will also advise them of the opportunity to object to or opt-out, and/or to appear at the Fairness Hearing. Within thirty (30) days of the entry of the Preliminary Approval Order by the Court, the Settlement Administrator will mail to all Class Members, via First Class United States Mail, the Court–approved Notices of Proposed Settlement of Class Action Lawsuit and Fairness Hearing. The Settlement Administrator will take all reasonable steps to obtain the correct address of any Class Members for whom a Notice is returned by the post office as undeliverable, and shall attempt a re-mailing to any member of the Settlement Class for whom it obtains a more recent address. The Settlement Administrator shall also mail a Class Notice to any Class Member who contacts the Settlement Administrator during the time period

-6-

between the initial mailing of the Class Notice and the Bar Date and requests that their Class Notice be re-mailed. The Settlement Administrator will notify Class Counsel and Defendants' Counsel of any Notice sent to a Class Member that is returned as undeliverable after the first mailing, as well as any such Notice returned as undeliverable after any subsequent mailing(s) as set forth in this Agreement.

**2.5   Preliminary Approval Motion.**

(A)   On or before July 31, 2017, or any date set by the Court, the Parties shall move for Preliminary Approval of this Agreement for purposes of resolving this matter according to the terms of the Agreement.

(B)   The Preliminary Approval Motion also will seek the setting of a date for a Fairness Hearing for Final Approval of the settlement before the Court at the earliest practicable date following the Bar Date.

(C)   If the Court denies Plaintiff's Motion for Preliminary Approval, the parties shall in good faith mutually work cooperatively to provide a supplement or amendment to the Court in due haste.   If, despite good faith negotiations, the parties are unable to reach an accord on new/revised terms to the Agreement, the Parties may continue to litigate the Action as though this Agreement had never been executed.   In that event, Defendants retain the right to contest whether this case should be maintained as a class or collective action, to contest the merits of the claims being asserted against them in the Litigation, and to assert their defenses.  Plaintiff likewise retains the right to seek certification of a class action and shall have the opportunity to engage in further class and expert discovery in accordance with applicable law.  Further, no party may use the fact that the Parties agreed to settle the case as evidence of Defendants' liability or the lack thereof. Lastly, if Preliminary Approval Motion is not approved and/or parties cannot reach new/revised terms to the Agreement, Defendants shall have no obligation to make any payments to any party, Class Member, Authorized Claimant, Class Counsel, Settlement Administrator or otherwise.

**2.6   Notice to Class Members**

Within ten (10) days of the filing of the Preliminary Approval Order, Defendants' Counsel will provide the Settlement Administrator the Class List in electronic form.  All information provided regarding the Class Members will be treated as confidential information by Class Counsel and the Settlement Administrator. Said information will not be used by Class Counsel and the Settlement Administrator for any purpose other than to effectuate the terms of settlement.

2.7 **Class Member Opt-outs.**

(A)  Class Members who choose to opt-out of the settlement as set forth in this Agreement must mail, via First Class United States Mail, a written, signed statement to the Settlement Administrator that states he or she is opting out of the settlement, and include his or her name, address, and telephone numbers and statement indicating his or her intention to opt-out such as: "I opt out of the Flor de Mayo wage and hour settlement" ("Opt-out Statement"). To be effective, an Opt-out Statement must be post-marked by the Bar Date.

(B)  Class Members may not opt-out of the settlement after the Bar Date.

(C)  Within three (3) days of the Bar Date, Class Counsel will file with the Clerk of Court, copies of any Opt-out Statements and send a final list of all Opt-out Statements to Defendants' Counsel.

(D)  Any Class Member who opts out of the settlement will not be considered an Authorized Claimant and will not receive any Settlement Check.

(E)  Any Class Member who does not submit an Opt-out Statement pursuant to this Agreement will be deemed to have accepted the Settlement and the terms of this Agreement, will be bound by the Settlement in this case, and will have any Released Rule 23 Class Claims released with prejudice.

2.8 **Objections to Settlement.**

(A)  Class Members who wish to present objections to the proposed settlement at the Fairness Hearing must first do so in writing. To be considered, such statement must be mailed to the Settlement Administrator via First-Class United States Mail post-marked by the Bar Date. The statement must include all reasons for the objection, and any supporting documentation. The statement must also include the name, address, and telephone numbers for the Class Member making the objection. The Settlement Administrator will stamp the date received on the original and send copies of each objection, supporting documents, as well as a copy of the Notice mailed to the Objector, to Class Counsel and Defendants' Counsel by email delivery no later than three (3) days after receipt of the objection. The Settlement Administrator will also file the date-stamped originals of any and all objections with the Court within three (3) days after the Bar Date.

(B)  An individual who files objections to the settlement ("Objector") also has the right to appear at the Fairness Hearing either in person or through counsel hired by the Objector. An Objector who wishes to appear at the Fairness Hearing must state his or her intention to do so in writing on his or her written objections at the time he or she submits his or her written objections. An Objector may withdraw his or her objections at any time.

-8-

(C)     The Parties may file with the Court written responses to any filed objections no later than three (3) days before the Fairness Hearing.

**2.9     Fairness Hearing and Motion for Final Approval and Dismissal.**

(A)     After the Bar date, in accordance with the schedule set by the Court in the Preliminary Approval Order and in advance of the Fairness Hearing, Class Counsel shall file supporting documents for final approval of the settlement ("Final Approval").     The application for Final Approval may contain a report from the Settlement Administrator, an application for attorneys' fees, costs and expenses and supporting affidavits and documents from Class Counsel regarding the fairness, adequacy and reasonableness of the settlement or any aspect related to this Agreement.   The application shall also include a proposed Final Order. Defendants' Counsel will be given seven (7) days to provide approval of the terms, form, and content of all documents filed, including the proposed Final Order, before they are filed with the Court.

(B)     At the Fairness Hearing and through the Motion for Final Approval and Dismissal, the Parties will request that the Court, among other things: (1) approve the settlement and Agreement as fair, reasonable, adequate, and binding on all Class Members who have not timely opted out of the settlement; (2) order the Settlement Administrator to distribute Settlement Checks to the Class Members, including  Service Award, if any, to be paid to Named Plaintiff as described in this Agreement; (3) approve the payment of attorneys' fees and costs to Class Counsel; (4) approve the payment of fees to the Settlement Administrator; (5) order the dismissal with prejudice of all Released Rule 23 Class Claims and Released FLSA Claims of all Class Members who did not opt-out, (6) order entry of Final Approval Order in accordance with this Agreement; and (7) retain jurisdiction over the interpretation and implementation of this Agreement as well as any and all matters arising out of, or related to, the interpretation or implementation of this Agreement and of the settlement contemplated thereby.

**2.10    Mailing of Settlement Checks.**

Within thirty (30) days after the Final Effective Date, the Settlement Administrator will make each distribution listed below in the following order. Each distribution will be made only at such time as the funds in the Settlement Administrator's escrow account are sufficient to cover the amount of that distribution, or as directed by Class Counsel from time to time.

(1)     Paying the Settlement Administrator's total fees.

(2)     Paying Class Counsel's Court-approved costs.

- 9 -

(3)   Paying Court-approved service award.

(4)   Paying Class Counsel's Court-approved attorneys' fees.

(5)   Paying Authorized Claimants their Individual Settlement Allocations.  Payments to Authorized Claimants shall be automatic and shall not require submission of any claim forms.

**2.11   Effect of Failure To Grant Final Approval**

For the purposes of this Section 2.11, the parties agree that failure to grant Final Approval shall be defined as the Court not approving the Gross Settlement Fund and/or the releases as set forth in the Agreement.  In the event that any other term(s) or provision(s) of the Agreement are not approved, only such term(s) or provision(s) shall not be approved (without invalidating or rendering unapproved the remaining terms of the Agreement).  In that event, the parties jointly agreed to attempt to renegotiate any unapproved term or provision.

In the event the Court does not grant Final Approval, the Parties shall proceed as follows:

(a)   The Litigation will resume unless: (1) the Parties jointly agree to seek reconsideration or appellate review of the decision denying entry of the Final Approval Order; or (2) the Parties jointly agree to attempt to renegotiate the settlement and seek Court approval of the renegotiated settlement.

(b)   In the event any reconsideration and/or appellate review is denied, the Parties shall have no further rights or obligations under this Agreement, and the Gross Settlement Fund shall be returned to Defendants' Counsel, based on Defendants contributions, minus the lesser of $5,000 or administrative fees actually incurred, within five (5) days of a court order denying reconsideration and/or appellate review.

(c)   If the Court does not grant Final Approval, the case will proceed as if no settlement has been attempted. In that event, Defendants retain the right to contest whether this case should be maintained as a class or collective action, to contest the merits of the claims being asserted against them in the Litigation, and to assert their defenses.  Plaintiff likewise retains the right to seek certification of a class action and shall have the opportunity to engage in further class and expert discovery in accordance with applicable law.  Further, in the event the settlement is not approved, no party may use the fact that the Parties agreed to settle the case as evidence of Defendants' liability or the lack thereof.

(d)   If the Court does not grant Final Approval, Defendants shall have no obligation to make any payments to any party, Class Member, Authorized

- 10-

Claimant, Class Counsel or otherwise.  As set forth above, the Gross Settlement Fund shall be returned to Defendants' Counsel, based on Defendants contributions, minus the lesser of $5,000 or the administrative fees actually incurred.

(e)    The Parties shall advise the Court of the termination of the settlement, and shall apply to the Court to have a single approved notice mailed to Class Members advising them of the termination of the settlement.  If approved by the Court, then the Settlement Administrator shall provide a Court-approved notice to Class Members and any Authorized Claimants that the Agreement did not receive Final Approval and that, as a result, no payments will be made to Authorized Claimants under the Agreement. Such notice shall be mailed by the Settlement Administrator via First Class United States Mail.

**2.12    Effect of Substantial Exclusions**

If more than 33% of the Class Members comprising the Class List choose to exclude themselves in writing from participating in the class settlement described under this Agreement, then Defendants shall have the option, to be exercised within 10 calendar days of the Bar Date, of revoking this Agreement and proceeding with the case as if no settlement has been attempted.  In that event, Defendants retain the right to contest whether this case should be maintained as a class or collective action, to contest the merits of the claims being asserted by Plaintiff in the Litigation, and to assert their defenses.  Plaintiff likewise retains the right to seek certification of a class action and shall have the opportunity to engage in further class and expert discovery in accordance with applicable law.

**2.13    Effect of Non Payment**

If the Gross Settlement Fund is not timely funded by Defendants, then Plaintiff shall provide notice of failure to pay to Defendants' counsel and Defendants shall have 10 days to cure after such notice is provided, which may be made electronically.  Thereafter, Plaintiff can elect to continue with the lawsuit as if no settlement was reached, and Defendants agree that the claims of all Class Members under the FLSA and NYLL are tolled to June 12, 2017.. The parties agree that the Court will retain jurisdiction to enforcement this Agreement.  Class Counsel retains all right under law and equity to seek enforcement of the Agreement.

**3.    SETTLEMENT TERMS**

**3.1    Settlement Amount.**

(A)    Defendants agree to create a "Gross Settlement Fund" in the amount of $300,000, which shall fully resolve and satisfy any claims for (i) attorneys' fees, expenses and costs approved by the Court, (ii) fees to the

- 11-

Settlement Administrator and (iii) all amounts to be paid to all Authorized Claimants for releasing claims as set forth herein, and any Court-approved Service Awards.

(B)   Defendants shall fund the Gross Settlement Fund into the escrow account of the Settlement Administrator as follows: $60,000 of the Settlement Amount shall be funded no later than August 15, 2017.  Thereafter, starting from August 31, 2017, Defendants shall pay 9 equal monthly installments of $26,667.00 each, on or prior to last day of every month until the full balance of the Settlement Amount has been paid as follows:

- August 31, 2017 - $26,667.00

- September 30, 2017 - $26,667.00

- October 31, 2017 - $26,667.00

- November 30, 2017 - $26,667.00

- December 31, 2017 - $26,667.00

- January 31, 2018 - $26,667.00

- February 28, 2018 - $26,667.00

- March 31, 2018 - $26,667.00

- April 30, 2018  - $26,667.00

To the extent that Defendants fail to timely fund any of the installment payments, or any check fails to clear, a late penalty of 5% on the outstanding balance, compounded monthly, shall be assessed.

(C)   The Settlement Administrator shall return to Defendants all funds in the escrow account in the event that: (a) the Court fails to grant preliminary approval of the Agreement, (b) the Court fails to grant Final Approval of the settlement, or (c) more than 33% of the Class Members opt out of this settlement pursuant to Section 2.12 of this Agreement.

(D)   Class Members will have one hundred twenty (120) days from the date of mailing to endorse and cash their Settlement Checks (the "Acceptance Period").  Class Members will be informed of the Acceptance Period in the Notices and on the Settlement Checks.

(E)   One hundred fifty (150) days after the initial distribution of Settlement Checks is made, any uncashed Settlement Checks to Rule 23 Class Members or Service Award checks outstanding shall be redistributed in a second mailing to those Class Members who endorsed and deposited their

- 12-

1       Settlement Checks in the initial distribution, on a pro rata basis, at
2       Plaintiff's counsel's election depending on the amount of the
3       residual amounts remaining and practicability.  For
4       purposes of this provision, the mailing date shall be deemed to be the date
5       posted on the settlement checks.  If the amount remaining is small enough
6       that redistribution is not practical, or there are any additional unclaimed
7       funds, such funds will be and applied first, to any unforeseen costs, fees
8       and expenses related to the class settlement, including payments to
9       previously undesignated class members, and thereafter, to a *cy pres*
10      charitable donation to St. Jude Children's Research Hospital.

11  (F)   Any uncashed Settlement Checks or Service Awards and all amounts
12        remaining in the Gross Settlement Fund one hundred twenty
13        (120) days after the last mailing of Settlement Checks, after
14        payment of any unforeseen expenses, costs, fees, or liability for the class
15        settlement, shall be applied as a *cy pres* donation as determined by
16        Plaintiff's Counsel and Defendants' Counsel.   For  purposes of this
17        provision, the mailing date shall be deemed to be the date
18        posted on the settlement checks.

19  (G)   At the Settlement Administrator's election, distributions to Class Members
20        may be effected from time to time in more than one mailing due to the
21        installment payment plan described above; provided however that no *cy*
22        *pres* payment may be made until the end of the check cashing period on
23        the last mailing, as determined by the Settlement Administrator.

24  **3.2    Settlement Amounts Payable as Attorneys' Fees, Expenses and Costs.**

25  (A)   At the Fairness Hearing and Motion for Final Approval, Class Counsel
26        will petition the Court for an award of attorneys' fees of 1/3 of the Gross
27        Settlement Amount ($100,000) plus additional costs and expenses to be
28        paid out of the Gross Settlement Fund.  Defendants will not oppose this
29        application, including any appeal or request for reconsideration if the
30        application is denied or modified by the Court.  After payment of the
31        approved attorneys' fees award and costs, Defendants shall have no
32        additional liability for Class Counsel's attorneys' fees, expenses and costs.

33  (B)   The substance of Class Counsel's application for attorneys' fees, expenses
34        and costs is to be considered separately from the Court's consideration of
35        the fairness, reasonableness, adequacy, and good faith of the settlement of
36        the Litigation.  The outcome of any proceeding related to Class Counsel's
37        application for attorneys' fees, expenses and costs shall not terminate this
38        Agreement or otherwise affect the Court's ruling on the Motion for Final
39        Approval.

40  (C)   Any reduction in attorneys' fees and expenses shall automatically be
41        applied to the Net Settlement Amount to be distributed to Class Members.

3.3    **Service Award**

(A)    In return for services rendered to the Class Members, at the Fairness Hearing, Named Plaintiff Edgar Iturbide will apply to the Court to receive $10,000 as a Service Award. Defendants will not oppose this application, including any appeal or request for reconsideration if the application is denied or modified by the Court.

(B)    The application for Service Award is to be considered separately from the Court's consideration of the fairness, reasonableness, adequacy, and good faith of the settlement of the Litigation. The outcome of the Court's ruling on the application for Service Award will not terminate this Agreement or otherwise affect the Court's ruling on the Motion for Final Approval.

(C)    Any reduction in Service Award shall automatically be applied to the Net Settlement Amount to be distributed to Class Members.

3.4    **Administration Fees**

(A)    In return for services rendered to the Class Members, the Settlement Administrator will apply to the Court for administration fees of $25,000. Defendants will not oppose this application, including any appeal or request for reconsideration if the application is denied or modified by the Court.

(B)    The application for administration fees is to be considered separately from the Court's consideration of the fairness, reasonableness, adequacy, and good faith of the settlement of the Litigation. The outcome of the Court's ruling on the application for administration fees will not terminate this Agreement or otherwise affect the Court's ruling on the Motion for Final Approval.

(C)    Any reduction in administration fees shall automatically be applied to the Net Settlement Amount to be distributed to Class Members.

3.5    **Net Settlement Fund and Allocation to Class Members.**

(A)    After deduction of all court-approved service awards, fees, expenses and costs from the Gross Settlement Fund (the "Net Settlement Amount"), Individual Settlement Allocations will be computed based on the number of workweeks worked by such Class Members during the Class Period. The Settlement Allocations shall be made in accordance with the dates of employment set forth in the confidential document provided by Defendants' Counsel. Amounts otherwise allocated to claimants who opted-out shall be applied to the Net Settlement Amount to be distributed to Class Members.

-14-

(B) The employer's portion, if any, of employment taxes shall be borne by Defendants and not from the Gross Settlement Fund. 75% of the settlement payments to Class Members as identified in paragraph 3.5(A) from Defendants will be considered 1099 non-wage income. 25% will be deemed wage earnings subject to withholdings on W-2. The Service Award will be considered 1099 non-wage income. A 1099 shall be issued to Plaintiff's counsel for tax reporting purposes. Under the Internal Revenue Code of 1986 (the "Code"), no information reporting (IRS Form 1099) is required for payments to Class Members who receive less than $600 in gross income not considered wages.

(C) All applicable employment taxes will be paid by Defendants and remitted by the Settlement Administrator. Defendants will provide the Settlement Administrator such information as is necessary for the Settlement Administrator to make proper employee tax withholdings, issue and file tax-related forms, and comply with all tax reporting obligations.

(D) The Settlement Administrator shall calculate the appropriate and regular tax deductions, if any, from each Authorized Claimant's Individual Settlement Allocation Amount (as calculated by Section 3.5(A)) to determine the Individual Net Amount. The Individual Net Amount will be the amount reflected on the Settlement Checks.

## 4. RELEASE

### 4.1 Release of Claims.

(A) By operation of the entry of the Final Approval Order, and except as to such rights or claims as may be created by this Agreement each individual Class Member who does not timely opt-out pursuant to this Agreement forever and fully releases Released Parties from Released Rule 23 Class Claims.

(B) By operation of the entry of the Final Approval Order, and except as to such rights or claims as may be created by this Agreement, each individual Authorized Claimant who endorses and deposits their Settlement Check forever and fully releases Released Parties from all Released FLSA Claims. The back of each check shall bear the following legend:

"By my endorsement of this check, I opt into the lawsuit S.D.N.Y. 17-cv-0596, for settlement purposes only, and release all of my claims as described in the class settlement agreement."

- 15-

(C)   Except as provided in this Agreement, upon payment of the Attorneys' fees, expenses, and costs approved by the Court, Class Counsel and Plaintiff, on behalf of the Class Members and each individual Class Member, hereby irrevocably and unconditionally releases, acquits, and forever discharges any claim that the Class Member may have against Released Parties for attorneys' fees or costs associated with Class Counsel's representation of the Class Members. Class Counsel further understands and agrees that any fee payments approved by the Court will be the full, final and complete payment of all attorneys' fees, expenses and costs associated with Class Counsel's representation in the Litigation.

(D)   Subject to applicable law, the Parties agree that it is their intent that the resolution set forth in this Agreement will release any further attempt, by lawsuit, administrative claim or action, arbitration, demand, or other action of any kind by each and all Authorized Claimants including but not limited to participation to any extent in any class or collective action, to obtain a recovery against the Released Parties based on each and all Released FLSA Claims and Released Rule 23 Class Claims, including but not limited to the allegations in the Litigation.

(E)   Except as provided in this Agreement and subject to applicable law, Authorized Claimants agree that, with respect to the Released FLSA Claims and Released Rule 23 Class Claims, they will not affirmatively join, opt in to, or participate as a party plaintiff in any claim under the FLSA or state or local wage and hour law against the Released Parties, and that they will elect to opt out of any action under the FLSA or state or local wage and hour law against the Released Parties of which they are involuntarily made members or participants either at the time they receive notice of the right to opt out or such time as this Covenant Not to Sue is brought to their attention. Moreover, Authorized Claimants agree that they may not reinstate the Litigation.

4.2   **Denial of Liability**

Defendants have agreed to the terms of this Agreement without in any way acknowledging any fault or liability, and with the understanding that terms have been reached because this settlement will avoid the further expense and disruption of Defendants' business due to the pendency and expense of litigation. Nothing in this Agreement shall be deemed or used as an admission of liability by Defendants, nor as an admission that a class or collective action class should be certified for any purpose other than settlement purposes.

5.     **INTERPRETATION AND ENFORCEMENT**

5.1    **Cooperation Between the Parties; Further Acts.** The Parties shall reasonably cooperate with each other and shall use their reasonable best efforts to obtain the Court's approval of this Agreement and all of its terms. Each party, upon the request of any other party, agrees to perform such further acts and to execute and deliver such other documents as are reasonably necessary to carry out the provisions of this Agreement.

5.2    **Confidentiality.** The Parties and Plaintiff's Counsel agree to maintain the confidentiality of any documents or information produced, formally or informally, during the course of the Litigation (including but not limited to the Class List), as well as of their negotiations leading to this Agreement, consistent with F.R.E. Rule 408 (except to the extent necessary for the parties to inform the Court of settlement negotiations for the purpose of seeking preliminary or final approval of settlement). The Settlement Administrator agrees to use the Class List solely for the purposes of administering the settlement and will destroy all hard copies and electronic copies of the Class List once it has completed its duties under this Agreement.

5.3    **No Assignment.** Class Counsel and Named Plaintiff, on behalf of the individual Class Members, represent and warrant that they have not assigned or transferred, or purported to assign or transfer, to any person or entity, any claim or any portion thereof or interest therein, including, but not limited to, any interest in the Litigation, or any related action.

5.4    **Entire Agreement.** This Agreement constitutes the entire agreement between the Parties with regard to the subject matter contained herein, and all prior and contemporaneous negotiations and understandings between the Parties shall be deemed merged into this Agreement.

5.5    **Binding Effect.** This Agreement shall be binding upon the Parties and, with respect to Named Plaintiff and all Class Members, their spouses, children, representatives, heirs, administrators, executors, beneficiaries, conservators, attorneys and assigns.

5.6    **Arms' Length Transaction; Materiality of Terms.** The Parties have negotiated all the terms and conditions of this Agreement at arms' length. All terms and conditions of this Agreement in the exact form set forth in this Agreement are material to this Agreement and have been relied upon by the Parties in entering into this Agreement, unless otherwise expressly stated.

5.7    **Captions.** The captions or headings of the Sections and paragraphs of this Agreement have been inserted for convenience of reference only and shall have no effect upon the construction or interpretation of any part of this Agreement.

5.8    **Construction.** The determination of the terms and conditions of this Agreement has been by mutual agreement of the Parties. Each Party participated jointly in

- 17-

the drafting of this Agreement, and therefore the terms and conditions of this Agreement are not intended to be, and shall not be, construed against any Party by virtue of draftsmanship.

**5.9    Severability.**  If any provision of this Agreement is held by a court of competent jurisdiction to be void, voidable, unlawful or unenforceable, the remaining portions of this Agreement will remain in full force and effect.

**5.10    Governing Law.**  This Agreement shall in all respects be interpreted, enforced and governed by and under the laws of the State of New York, without regard to choice of law principles, except to the extent that the law of the United States governs any matter set forth herein, in which case such federal law shall govern.

**5.11    Continuing Jurisdiction.**  The Parties agree to the continuing jurisdiction of the Court and shall request the Court to retain jurisdiction over the interpretation and implementation of this Agreement as well as any and all matters arising out of, or related to, the interpretation or implementation of this Agreement and of the settlement contemplated thereby.

**5.12    No Publicity.**  Except as required by law with respect to the identity of the Litigation or in connection with court filings that Class Counsel believes are necessary to obtain approval of this Agreement, Class Counsel shall not publicize or discuss with third parties the Litigation or any terms of this Agreement. The Plaintiff and Class Counsel agree that they will not contact any representative of the media or press, and if contacted by any representative of the media or press will only state that the matter has been satisfactorily resolved on mutually agreeable terms.  Class Counsel further agrees that they will not post any information concerning this Agreement on any website or any other forum of advertisement.

**5.13    Waivers, etc. to Be in Writing.**  No waiver, modification or amendment of the terms of this Agreement, whether purportedly made before or after the Court's approval of this Agreement, shall be valid or binding unless in writing, signed by or on behalf of all Parties and then only to the extent set forth in such written waiver, modification or amendment, subject to any required Court approval.  Any failure by any party to insist upon the strict performance by the other party of any of the provisions of this Agreement shall not be deemed a waiver of future performance of the same provisions or of any of the other provisions of this Agreement, and such party, notwithstanding such failure, shall have the right thereafter to insist upon the specific performance of any and all of the provisions of this Agreement.

**5.14    When Agreement Becomes Effective; Counterparts.**  This Agreement shall become effective upon its full execution and approval by the Court. The Parties may execute this Agreement in counterparts, and execution in counterparts shall have the same force and effect as if all Parties had signed the same instrument.

- 18-

1   **5.15   Binding Authority of Counsel.** Counsel hereby represent that they are fully
2   authorized to bind the parties they represent to the terms and conditions hereof
3   and that they have retainer agreements and/or authorizations to execute this
4   Agreement on their behalf.

5   **5.16   Signatures.** This Agreement is valid and binding if signed by the Parties'
6   authorized representatives.

7   **5.17   Facsimile and Email Signatures.** Any party may execute this Agreement by
8   causing its counsel to sign on the designated signature block below and
9   transmitting that signature page via facsimile or email to counsel for the other
10  party. Any signature made and transmitted by facsimile or email for the purpose
11  of executing this Agreement shall be deemed an original signature for purposes of
12  this Agreement and shall be binding upon the party whose counsel transmits the
13  signature page by facsimile or email.

14  **5.17   CAFA Notice.** The Claims Administrator, working jointly with Defendants, shall
15  timely provide notices not later than 10 days after preliminary approval of the
16  class settlement is obtained, as required by the Class Action Fairness Act
17  ("CAFA") and provide copies of such notices to Class Counsel simultaneous with
18  providing such notice.

19

20

21                          [Rest of page left intentionally blank]

22

23

24

WE AGREE TO THESE TERMS,

Counsel to the Named Plaintiff,
FLSA Collective Plaintiffs
and Class Members:

By: _____
          C.K. Lee, Esq.
          Lee Litigation Group, PLLC
          30 East 39th Street, Second Floor
          New York, New York 10016

Defendants

CHO FAMILIA DYNASTIA, INC. d/b/a Flor de Mayo

By: _____

Dated: _____

FLOR DE MAR, INC. d/b/a Flor de Mayo

By: _____

Dated: _____

MARVIN CHU

By: _____

Dated: _____

DENNIS CHU

By: _____

Dated: _____

NELSON CHO

By: _____

Dated: _____

1    WE AGREE TO THESE TERMS,

2    Counsel to the Named Plaintiff,
3    FLSA Collective Plaintiffs
4    and Class Members:
5
6    By:    _____
7           C.K. Lee, Esq.
8           Lee Litigation Group, PLLC
9           30 East 39th Street, Second Floor
10          New York, New York 10016
11
12   Defendants
13
14   CHO FAMILIA DYNASTIA, INC. d/b/a Flor de Mayo
15
16   By:    _____
17
18   Dated:    08/01/2017
19
20   FLOR DE MAR, INC. d/b/a Flor de Mayo
21
22   By:    _____
23
24   Dated:    08/01/2017
25
26   MARVIN CHU
27
28   By:    _____
29
30   Dated:    08/01/2017
31
32   DENNIS CHU
33
34   By:    _____
35
36   Dated:    08/01/2017
37
38   NELSON CHO
39
40   By:    _____
41
42   Dated:    08/01/2017
43
44
45
46

- 20-

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
29
30
31
32
33
34

EXHIBIT A

[Form of Notice]

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

—————————————————————

EDGAR ITURBIDE,
on behalf of himself,
FLSA Collective Plaintiffs and the Class,

       Plaintiff,      Case No.: CV-17-cv-0596

              **NOTICE OF PROPOSED**
              **CLASS ACTION SETTLEMENT**

     v.

CHO FAMILIA DYNASTIA, INC. d/b/a
FLOR DE MAYO, FLOR DE MAR, INC.
d/b/a FLOR DE MAYO, MARVIN CHU,
DENNIS CHU and NELSON CHO,

,

       Defendants.

—————————————————————

**If you were employed by CHO FAMILY DYNASTIA, INC. or FLOR DE MAR, INC. (including the individually named defendants "Defendants") as an hourly, non-exempt employee, from January 26, 2011 to June 12, 2017, please read this Notice.**

DATED:   [_____, 2017]

## <u>PLEASE READ THIS NOTICE CAREFULLY</u>

**This Notice relates to a proposed settlement of a class and collective action litigation. It has been authorized by a federal court. It contains important information as to your right to participate in the settlement, make a claim for payment or elect not to be included in the class.**

<u>Introduction</u>

A former employee of Defendants, Edgar Iturbide, filed a lawsuit for allegedly unpaid wages and overtime premiums, and other claimed damages against Defendants. The Court in charge of this case is the United States District Court for the Southern District of New York. The lawsuit is known as *Iturbide v. Cho Family Dynastia, Inc., et al.* The person who filed the lawsuit is called the Plaintiff. Plaintiff alleges in the lawsuit that, among other things, Defendants failed to pay

him and other employees the proper minimum wage and overtime in violation of the Fair Labor Standards Act ("FLSA") and New York State Labor Law ("NYLL").   Defendants deny the Plaintiff's allegations.   It is Defendants' position that they properly compensated Plaintiff and other employees.

Although Defendants deny that they are liable or owe damages to anyone, Defendants have concluded that it is in their best interests to resolve Plaintiff's claims on behalf of Plaintiff and other employees.    Accordingly, Plaintiff and Defendants have agreed to settle the action. Defendants have agreed to pay $300,000 to cover the claims of all of the employees in this case as well as expenses such as attorneys' fees.  The Court has not decided who is right and who is wrong.   Your legal rights may be affected, and you have a choice to make now.  These rights and options are summarized below and fully explained in this Notice.

Based on the Settlement Administrator's calculation, a Class Member will receive approximately $[_____] for each week worked during the relevant statutory period.  If you would like to know how many weeks you were employed based on Defendants' records, or the amount estimated to be payable to you under the class settlement, please contact the Administrator.

## YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT:

| | |
|---|---|
| **DO NOTHING** | If you choose to participate in the settlement, you do not have to do anything. Once the settlement is approved by the Court, you will automatically receive your allocated settlement amount. |
| **EXCLUDE YOURSELF** | If you wish to exclude yourself ("opt-out") from the lawsuit you must follow the directions outlined in response to question 7 below. |
| **OBJECT** | If you wish to object to the settlement, you may write to the Court about why you believe the settlement is unfair or unreasonable.   If the Court rejects your objection, you will still be bound by the terms of the settlement for claims under New York Law unless you submit a valid and timely opt-out form.  You will not be bound by the settlement if you opt-out of this action as described herein.  If you object you may appear at the Fairness Hearing to speak to the Court about the fairness of the settlement. |

### 1. Why did I receive this notice?

You have received this notice because Defendants' records show that you worked at their restaurants at sometime between from **January 26, 2011 to June 12, 2017**.

### 2. What is a class action?

A class action is a lawsuit where one or more persons sue not only for themselves, but also for other people who have similar claims. These other people are known as Class Members. In a class action, one court resolves the issues for all Class Members, except for those who exclude themselves from the Class. The Honorable Sarah Netburn, United States Magistrate Judge of the United States District Court for the Southern District of New York is presiding over this class action. Judge Netburn has not made any determination about who is right or wrong in this lawsuit.

## 3. Why is there a settlement?

Class Counsel analyzed and evaluated the claims made against Defendants in the Litigation, investigated Defendants' pertinent payroll policies, analyzed payroll data for Plaintiff and a sample of the potential Class Members and evaluated Defendants' ability to pay a judgment. Based upon Class Counsel's analysis and evaluation of this data, relevant law, and the substantial risks of continued litigation, including the possibility that the litigation, if not settled now, might not result in any recovery whatsoever, or might result in a recovery that is less favorable and that would not occur for several years, Class Counsel entered into this proposed settlement. Class Counsel is satisfied that the terms and conditions of this Agreement are fair, reasonable and adequate and that this Agreement is in the best interest of the Named Plaintiff and the Class Members. Your estimated portion of the settlement will be based on the number of weeks you worked during the class period, after all attorneys' fees, costs, service payment and administrative charges have been paid. If you would like to know how many weeks you were employed based on Defendants' records, or the amount estimated to be payable to you under the class settlement, please contact the Administrator.

## 4.      Payment to Class

If you do nothing, you will automatically be deemed to be part of the class settlement. You will be paid a proportionate share of the Settlement Fund based on a formula taking into account weeks you worked for Defendants during the period January 26, 2011 to June 12, 2017. Based on the Settlement Administrator's calculation, a Class member will receive approximately $[____] for each week worked during the relevant statutory period. If you would like information about the amount of your individual settlement payment, please contact Settlement Administrator, Advanced Litigation Strategies, LLC, 30 East 39th Street, Second Floor, New York, New York, 10016, 212-661-0051.

Any unclaimed funds shall first be allocated to those Class Members who cashed their checks, depending on the residual amounts remaining and practicability, on a pro rata basis. All further remaining unclaimed amounts, if any, shall be applied to *cy pres* charitable donations as determined by Plaintiff's counsel and Defendants.

## 5.      Payment to Class Representative

The Settlement proposes that named Plaintiff Edgar Iturbide, who took a lead role in this litigation and assisted in its resolution will receive a service payment of $20,000, as

3

compensation for taking a leading role in this litigation, for his significant involvement and time in discovery for the benefit of the Class Members.

## 6.   Procedures

If you do nothing, you will automatically participate in the class settlement.  If you want to exclude yourself, please refer to Paragraph 7 hereto.

If the Court grants final approval of the Settlement, this action will end, and Class Members who do not opt out will release Defendants through June 12, 2017 from all claims asserted in the Complaint as described below.  This means that you cannot sue, continue to sue, or be party to any other lawsuit against Defendants regarding the claims brought in this case, although you may still retain certain Federal claims.  It also means that all of the Court's orders will apply to you and legally bind you.

The Release in the Settlement Agreement provides that:

(i)     **With respect to claims under New York State law, you are releasing all of your wage and hour claims that could have been asserted, for the period January 26, 2011 to June 12, 2017 and**

(ii)    **With respect to claims under federal law, you are releasing all of your wage and hour claims that could have been asserted, for the period January 26, 2014 to June 12, 2017.**

**By failing to opt-out of this lawsuit, you will automatically be part of the class settlement for the New York State law claims.  By endorsing and depositing a settlement check, you will automatically be part of the collective class settlement for the federal law claims.**

## 7.   How Do I Exclude Myself From The Settlement?

If you do not want to participate in the class settlement, you must take steps to exclude yourself from this case.

If you want to exclude yourself, you must mail a written, signed statement to the Settlement Administrator stating "I opt out of the Flor de Mayo wage and hour settlement" and include your name, address, and telephone number ("Opt-out Statement").  To be effective, the Opt-out Statement must be mailed to the Settlement Administrator via First Class United States Mail, postage prepaid, and postmarked by [_____], 2017.

> Settlement Administrator
> Advanced Litigation Strategies, LLC
> 30 East 39th Street, Second Floor
> New York, New York 10016
> info@leelitigaton.com

If you exclude yourself from the Lawsuit and Settlement, you will NOT be allowed to object to the settlement as described in paragraph 12 below.

**8. If I don't exclude myself from the settlement, can I sue Defendants for the same thing later?**

No.  By participating in the settlement, you give up any rights to sue Defendants under federal and state law with regard to the claims brought in this case or which could have been brought in this case.   If you have a pending lawsuit, speak to your lawyer in that case immediately to see if this settlement will affect your other case.  Remember, the exclusion deadline is [_____], 2017.

**9. If I exclude myself, can I get money from this settlement?**

No.  If you exclude yourself, you will not receive any money from this lawsuit.  But, you may sue, continue to sue, or be part of a different lawsuit against Defendants regarding these same claims.

**10. Do I have a lawyer in this case?**

The law firm of Lee Litigation Group, PLLC, 30 East 39th Street, Second floor, New York, New York 10016, has been designated as legal counsel to represent you and the other Class Members. These lawyers are called Class Counsel.  You will not be charged separately for these lawyers. Their fees are being paid from the total settlement fund.  If you want to be represented by your own lawyer, you may hire one at your own expense.

**11. How will the service providers be paid?**

Class Counsel will ask the Court to approve payment of up to $100,000 (1/3 of the settlement fund established by Defendants) to them for attorneys' fees, plus additional costs and expenses to be determined.  The fees would pay Class Counsel for all work that they have performed in this action including filing briefs, engaging in discovery, investigating the facts, attending court conferences and negotiating and overseeing the settlement.

The Court has approved payment of $25,000 as fees to Advanced Litigation Strategies, LLC to administer the settlement.

**12. How do I tell the Court that I don't like the settlement?**

You can object to the settlement if you don't like any part of it.  You can give reasons why you think the Court should not approve it.  The Court will consider your views.  If the Court rejects your objection, you will still be bound by the terms of the settlement of your claims under New York Law unless you have submitted a valid and timely request for exclusion.  To object, you must send a letter saying that you object to the settlement in Iturbide v. Cho Family Dynastia, et

al. Your statement must include all reasons for the objection and any supporting documentation in your possession.   Your statement must also include your name, address, and telephone number.

If you wish to present your objection at the fairness hearing described below, you must state your intention to do so in your written objection. You statement should be as detailed as possible otherwise the court may not allow you to present reasons for your objection at the fairness hearing that you did not describe in your written objection. Mail the objection to the Settlement Administrator via First-Class United States Mail to the address below. Your objection will not be heard unless it is mailed to the Settlement Administrator via First Class United States Mail and post-marked by [_____], 2017.

> Settlement Administrator
> Advanced Litigation Strategies, LLC
> 30 East 39th Street, Second Floor
> New York, New York 10016

The Settlement Administrator will share your objection with Class Counsel and Defendants' counsel and your objection statement will be filed with the Court.

You may not object to the settlement if you submit a letter requesting to exclude yourself or "opt-out" of the settlement of the lawsuit.

## 13.  What's the difference between objecting and excluding?

Objecting is simply telling the Court that you don't like something about the settlement.  You can object only if you stay in the Class.  Excluding yourself from the settlement ("opting-out") is telling the Court that you don't want to be part of the Class.  If you exclude yourself, you are not allowed to object because the case no longer affects you.

The Court will hold a hearing to decide whether to approve the settlement.  Class Counsel will answer questions the Judge may have.  You do not have to come to the hearing, but you are welcome to do so at your own expense.

If you send an objection, it is not necessary for you to come to Court to talk about it, but you may do so at your own expense or pay your own lawyer to attend.  As long as you mailed your written objection on time, the Court will consider it.  If you do attend the hearing, it is possible that you will not be permitted to speak unless you timely object in writing as described above and notify the Court of your intention to appear at the fairness hearing.

## 14.  When and where will the Court decide whether to approve the settlement?

The Court will hold a Fairness Hearing at [_____] a.m./p.m. on [_____], 2017, in Courtroom 219 at the United States District Court for the Southern District of New York, 40 Foley Square, New York, New York.

At this hearing the Court will consider whether the terms of the settlement are fair, reasonable, and adequate. If there are objections, the Court will consider them. The Judge will listen to people who have asked to speak at the hearing. After the hearing, the Court will decide whether to approve the settlement. We do not know how long these decisions will take.

## 15. Are there more details about the settlement?

This notice summarizes the proposed settlement. More details are in the Settlement Agreement. You can review the settlement agreement by asking for a copy of the Settlement Agreement by writing or calling the Settlement Administrator.