UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

EDGAR ITURBIDE, on behalf of himself
and others similarly situated,

                         **Plaintiff,**                    17-CV-00596 (SN)

      -against-                                  **ORDER**

CHO FAMILY DYNASTIA, INC., et al.,

                        **Defendants.**

-----------------------------------------------------------------X

**SARAH NETBURN, United States Magistrate Judge**:

      A conference regarding the plaintiff's August 21, 2017 motion for preliminary approval of the class settlement is scheduled for next Friday, September 15, 2017, at 2:00 p.m. in Courtroom 219, 40 Foley Square, New York, NY. The Court intends to address the following issues at the conference:

      1.     Under the proposed settlement terms, no more than $165,000 net is available for the class members. Plaintiff's memorandum of law states that the class's potential best case recovery is between $1.4 million and $4 million, exclusive of liquidated damages. See Pl.'s Mem. of Law at 13 (ECF No. 32). Counsel should be prepared to explain why a settlement providing no more than $165,000 (and likely less) to 300 potential class members is fair, reasonable and adequate. See Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199 (2d Cir. 2015); Fed. R. Civ. P. 23(e)(2). Specifically, counsel should explain what justifies such a substantial reduction in recovery beyond the boilerplate references to litigation risks set forth in the memorandum of law.

2.      The settlement agreement and memorandum of law indicate that plaintiff is seeking $10,000 as a "service award." Id. at 5. First, the parties have provided no information to justify such a substantial fee in a case where virtually no discovery (and no deposition) has been taken. Counsel should explain why, assuming each class member receives approximately $500, a multiplier of 20 constitutes an appropriate service fee to plaintiff. Second, the proposed Class Action Notice states that the plaintiff will recover a "service payment" of $20,000. See Class Action Notice at 3 (ECF No. 33-2). This number should be explained or corrected.

3.      While the Court might preliminarily approve a fee of $25,000 to Advanced Litigation Strategies, LLC (the "Claims Administrator"), or an award of $100,000 to class counsel, and leave for final approval a more thorough review of these requests, both amounts appear excessive in light of the relatively small class size, the potential recovery to the class members, and the limited litigation to date. Counsel may wish to address the Court's concerns at the conference. To the extent final approval of the payment to Claims Administrator is sought at this time, further justification for a $25,000 fee must be provided.

**SO ORDERED.**

_____
SARAH NETBURN
United States Magistrate Judge

DATED:      September 8, 2017
            New York, New York