UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

EDGAR ITURBIDE,
on behalf of himself and others similarly situated,

                Plaintiff,                Case No.: CV-17-0596

                                               Netburn, M.J.

            v.

CHO FAMILY DYNASTIA, INC. d/b/a
FLOR DE MAYO, FLOR DE MAR, INC.,
d/b/a FLOR DE MAYO, MARVIN CHU,
DENNIS CHU and NELSON CHO,

                Defendants.

**DECLARATION OF C.K. LEE IN SUPPORT OF PLAINTIFF'S UNOPPOSED
MOTION FOR CERTIFICATION OF THE SETTLEMENT CLASS, FINAL
APPROVAL OF THE CLASS SETTLEMENT AND APPROVAL
OF THE FLSA SETTLEMENT**

I, C.K. Lee, declare as follows:

1.     I am a partner in the firm of Lee Litigation Group, PLLC ("LLG") in New York, New York, Plaintiff's counsel herein. LLG is a twelve-attorney firm based in New York City that focuses on representing plaintiffs in a wide variety of employment matters, including individual and class-wide violations of wage and hour laws, discrimination and harassment based on sex, race, disability or age, retaliation, and contract and severance negotiations. LLG currently has 24 employees.

2.     I make these statements based on personal knowledge and would so testify if called as a witness at trial.

**Background and Experience**

3.     I received a BS/BA from the University of Michigan/Ann Arbor, with concentrations in Biology and Chinese Language & Culture. I received a Juris Doctorate degree from The University of Pennsylvania Law School in 1997. I was admitted to the New York bar in 1998. I am also admitted to the bars of the United States Supreme Court, the Second Circuit Court of Appeals and the United States District Courts for the Northern, Western, Eastern, and Southern Districts of New York. I am a member in good standing of each of these bars. Prior to establishing my own firm, I was associated with some of the top firms in New York City, including Clifford Chance, Morrison & Foerster and Schulte Roth & Zabel. Since April 2009, I

have been engaged primarily in prosecuting wage and hour class and collective action cases.

4.     I have served as lead counsel in numerous wage and hour class and collective actions, including *Barcenas v. Luma Rest. Inc., et al.*, No. 15 Civ. 10043 (S.D.N.Y. 2016); *Metodio v. Le Gans Restaurant, Inc., et al.*, No. 15 Civ. 8754 (S.D.N.Y. 2017); *Santiago v. Rivka, Inc., et al.*, No. 15 Civ. 9184 (S.D.N.Y. 2017); *Orellana, et al. v. Pio Pio NYC Inc., et al.*, Index No. 155941/16 (Supreme N.Y. County, 2017); *Galvez v. Lucky Pearl LLC, et al.*, 15 Civ 5177 (S.D.N.Y. 2016); *Solorio v. 142 Mercer Street, LLC, et al.*, 15 Civ. 5817 (S.D.N.Y. 2016); *Mohamed v. Sophie's Cuban Cuisine, Inc., et al.*, No. 14 Civ. 3099 (S.D.N.Y. 2016); *Hernandez v. McGee's Bar & Grill Inc., et al.,* No. 15 Civ. 6067 (S.D.N.Y. 2016); *Corte v. Fig & Olive Founders LLC, et al.*, No. 14 Civ. 7186 (S.D.N.Y. 2015); *Carillo v. 27-39 East 30 Rest. Corp., et al.*, No. 13 Civ. 4491 (S.D.N.Y. 2015); *Alvarado v. Dublin 6 at 15 Broadway, Inc., et al.*, No. 14 Civ. 3939 (S.D.N.Y. 2015); *Romero v. La Revise Associates, LLC, et al.*, No. 12 Civ. 8324 (S.D.N.Y. 2014); *Lin, et al. v. Benihana National Corp., et al.*, No. 10 Civ. 1335 (S.D.N.Y. 2014); *Viafara v. MCIZ Corp.*, No. 12 Civ. 7452 (S.D.N.Y. 2014); *Sierra v. Triple J. Associates of Queens, Inc.*, No. 12 Civ. 4462 (E.D.N.Y. 2013); *Khamsiri, et al. v. George & Frank's Japanese Noodle Rest. Inc., et al.*, No. 12 Civ. 0265 (S.D.N.Y. 2013); *Flores, et al. v. KC 53 LLC, et al.*, No. 12 Civ. 8095 (S.D.N.Y. 2013); *Sanjaya, et al. v. Inakaya USA Inc., et al.*, No. 12 Civ. 4500 (S.D.N.Y. 2013); *Han v. AB Gansevoort*, No. 11 Civ. 2423 (S.D.N.Y. 2012); *Marte v. Energy Resources*, No. 11 Civ. 2490 (S.D.N.Y. 2012); *Han v. Sterling National Mortgage*, No. 09 Civ. 5589 (E.D.N.Y. 2012); *Amaya v. 166 Park*, No. 11 Civ. 1081 (E.D.N.Y. 2012), among others.

**Thorough Investigation and Litigation of the Class Claims**

5.     This proposed settlement would resolve claims brought by Plaintiff Edgar Iturbide ("Plaintiff") on behalf of himself and other non-exempt current and former employees of Defendants at the Flor de Mayo restaurants located at 2651 Broadway, New York, New York and/or 484 Amsterdam Ave., New York, New York.  As part of the settlement, class members will release wage and hour claims under Federal and New York State law against Defendants (together with Plaintiff, the "Parties").

6.     On January 26, 2017, Plaintiff Edgar Iturbide filed a Class and Collective Action Complaint against Defendants pursuant to Federal Rule of Civil Procedure 23 and 29 U.S.C. Section 216(b) in the U.S. District Court for the Southern District of New York on behalf of himself and others similarly situated, alleging violations of the Fair Labor Standards Act and the New York Labor Law.

7.     Plaintiff Edgar Iturbide provided information to Class Counsel regarding the wage and hour practices of the Defendants.

8.     Before and during the formal litigation of this action, a team of attorneys and paralegals at LLG conducted a thorough investigation into the claims and defenses. We focused our investigation and legal research on the underlying merits of class members' claims, the damages to which they were entitled, and the propriety of class certification.

9.      We conducted in-depth interviews with Plaintiff to determine the hours that he worked, the wages he was paid, the nature of his daily activities, and other information relevant to his claims. Before engaging in mediation, Defendants produced and Plaintiff reviewed employment records, consisting of time and payroll records, tip records, sample wage notices covering periods from January 2014 to December 2016 of all class members employed at Defendants' restaurant.

10.     Plaintiff regularly communicated with us and assisted with the preparation of the complaint and the factual investigation of the claims. Plaintiff was prepared to be deposed by Defendants. Plaintiff was responsive, responsible, and very helpful throughout the entirety of this case. Plaintiff attended and participated during the full-day mediation.

**Settlement Negotiations**

11.     The parties have been negotiating settlement since inception of the lawsuit. The initial settlement discussion involved resolution for the named Plaintiff only.

12.     During the course of the litigation, the parties have negotiated at length to reach a settlement figure for the class. Such negotiations were heated where both parties argued strenuously in favor of their positions.

13.     After the Complaint was filed on January 26, 2017, the parties attended the initial conference on March 10, 2017 and commenced discovery. Thereafter, the parties began to discuss the possibility of class settlement. The parties agreed to engage in a private mediation session overseen by experienced mediator Ruth Raisfeld.

14.     The parameters of the settlement were the result of heated negotiations. In addition to numerous telephone conferences for settlement, the parties also engaged in an all-day private mediation overseen by Ruth Raisfeld. On June 12, 2017, the parties attended the mediation. At mediation, the parties made significant progress towards a settlement. If the parties had not been able to settle amicably, the parties would have engaged in further discovery, conducted depositions, and retained and deposed experts. Plaintiff would have moved for both conditional collective certification and class certification pursuant to Fed. R. Civ. P. 23, which Defendants would have vigorously opposed, and Defendants would have moved for de-certification of any collective as well as summary judgment, each at significant cost to the parties.

15.     During the months thereafter, the Parties reduced the terms of the settlement to a formal settlement agreement ("Settlement Agreement"). The Settlement Agreement has preliminarily been approved by the Court.

16.     At all times during the settlement negotiation process, negotiations were conducted on an arm's-length basis.

17.     The Court-approved Notices of Proposed Settlement of Class Action Lawsuit and Fairness Hearing and Notice of Proposed Settlement of Collective Action Lawsuit and Fairness Hearing ("Notices") were mailed to Class Members by settlement administrator Advanced

3

Litigation Strategies on October 27, 2017.

18.     Class counsel believes the current settlement is fair, and the result of this settlement was not the product of any collusion among the parties.  Plaintiff's Counsel believes that the settlement represents a significant percentage of the recovery that Plaintiff could have achieved had he prevailed on all of his claims and survived an appeal.

19.     Plaintiff's counsel believes that the $300,000 gross settlement fund represents a fair recovery to Plaintiff and Class Members. While it is possible to argue that if Plaintiff was to prevail in all his claims, there would be substantial damages in excess of the gross settlement fund, such analysis does not properly reflect the risk associated with this litigation. As such, the settlement negotiated represents an award that is attractive and fair.

### Results from Mailing of Class Notice

20.  The Settlement Agreement creates a fund of $300,000 (the "Fund").  The Fund covers attorneys' fees and costs, administration costs and expenses, class members' awards and a service award to Edgar Iturbide.

21.  Advanced Litigation Strategies, LLC ("ALS"), a third party administration company under common control of Class Counsel, administered the settlement.  Defendants provided a class list of 273 Class Members to ALS.  ALS mailed the Court-approved Notices on October 27, 2017 to 273 Class Members for which addresses had been provided by Defendants.  39 mailed notices were returned as undeliverable. After a skip trace, 4 replacement notices were mailed, all of which were delivered.

22.  Only one Class Member, after receipt of the Class Settlement Notice have requested to be excluded from the settlement.

23.  No Class Members, after receipt of the Class Settlement Notice, have objected to the settlement.

24.  Class Counsel believes that the proposed settlement is fair because only one individual has chosen to exclude himself from the settlement and no individuals have made any objections after the notice of settlement was mailed. See *Diaz v. E. Locating Serv. Inc.*, 2010 WL 550912 at *4 (S.D.N.Y.) (finding the fact that no class member objected to settlement or requested exclusion demonstrated that the class approved of the settlement); *deMunecas v. Bold Food, LLC*, 2010 WL 3322580 at *5 (S.D.N.Y.) (same); *Wright v. Stern*, 553 F. Supp. 2d 337, 345 (S.D.N.Y. 2008) ("The fact that the vast majority of class members neither objected nor opted out is a strong indication that the proposed settlement is fair, reasonable, and adequate.").  See also *Rutti v. Lojack Corp.*, 2012 WL 3151077, at *6 (C.D. Cal. 2012) (low participation rate is not a reflection on success of class action).

I declare under penalty of perjury that the foregoing is true and correct.

Dated: January 5, 2018

                                      Respectfully submitted,

                                      LEE LITIGATION GROUP, PLLC

                                      /s/ C.K. Lee, Esq.
                                      C.K. Lee (CL 4086)
                                      30 East 39th Street, Second Floor
                                      New York, NY 10016
                                      Tel.: 212-465-1188
                                      Fax: 212-465-1181
                                      *Attorneys for Plaintiff, FLSA Collective Plaintiffs and the Class members*