IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| EDGAR ITURBIDE, on behalf of himself and others similarly situated,<br><br>        Plaintiff,<br><br>  v.<br><br>CHO FAMILY DYNASTIA, INC. d/b/a FLOR DE MAYO, FLOR DE MAR, INC., d/b/a FLOR DE MAYO, MARVIN CHU, DENNIS CHU and NELSON CHO,<br><br>        Defendants. | Case No.: 16 CV 0596<br><br>Netburn, M.J. |

**DECLARATION OF C.K. LEE IN SUPPORT OF PLAINTIFF'S UNOPPOSED MOTION FOR APPROVAL OF ATTORNEYS' FEES, ADMINISTRATION FEES AND REIMBURSEMENT OF EXPENSES AND PLAINTIFF'S UNOPPOSED MOTION FOR APPROVAL OF CLASS REPRESENTATIVE SERVICE AWARD**

I, C.K. Lee, declare as follows:

  1. I reaffirm statements made in my supporting declaration as of the date hereof in support of Plaintiff's Motion for Certification of the Settlement Class, Final Approval of the Class Settlement and Approval of the FLSA Settlement.

  2. I received a BS/BA from the University of Michigan/Ann Arbor, with concentrations in Biology and Chinese Language & Culture. I received a Juris Doctorate degree from The University of Pennsylvania Law School in 1997. I was admitted to the New York bar in 1998. I am also admitted to the bars of the Second Circuit Court of Appeals, the United States District Courts for the Northern, Western, Eastern, and Southern Districts of New York. I am a member in good standing of each of these bars. Prior to establishing my own firm, I was associated with some of the top firms in New York City, including Clifford Chance, Morrison & Foerster and Schulte Roth & Zabel. Since April 2009, I have been engaged primarily in prosecuting wage and hour class and collective action cases.

  3. Class Counsel has substantial experience prosecuting large-scale wage and hour class and collective actions. See See *Metodio v. Down & Dirty Tacos Meatpacking LLC, et al.*, Case No. 15 Civ. 8754 (AKH) (July 14, 2017) Transcript at 16:17-17:8 (Judge Hellerstein specifically approved counsel's rate as reasonable)*Galvez v. Lucky*

*Pearl LLC, et al., 15 Civ 5177* (S.D.N.Y. 2016); *Solorio v. 142 Mercer Street, LLC, et al.*, 15 Civ. 5817 (S.D.N.Y. 2016); *Mohamed v. Sophie's Cuban Cuisine, Inc., et al.*, No. 14 Civ. 3099 (S.D.N.Y. 2016); *Hernandez v. McGee's Bar & Grill Inc., et al.,* No. 15 Civ. 6067 (S.D.N.Y. 2016); *Corte v. Fig & Olive Founders LLC, et al.*, No. 14 Civ. 7186 (S.D.N.Y.) *Carillo v. 27-39 East 30 Rest. Corp., et al.*, No. 13 Civ. 4491 (S.D.N.Y.); *Sanchez v. JMP Ventures, L.L.C., et al.,* No. 13 Civ. 7264 (GWG) (S.D.N.Y.); *Romero v. La Revise Associates, L.L.C.*, No. 12 Civ. 8324 (GWG) (S.D.N.Y.); *Lin, et al. v. Benihana National Corp., et al.*, No. 10 Civ. 1335 (S.D.N.Y.); *Viafara v. MCIZ Corp., et al.*, No 12 Civ. 7452 (S.D.N.Y.); *Sierra v. Triple J. Associates of Queens, Inc.*, No 12 Civ. 4462 (E.D.N.Y.); *Khamsiri v. George & Frank's Japanese Noodle Rest. Inc., et al.*, No. 12 Civ. 0265 (S.D.N.Y.); *Flores, et al. v. KC 53 LLC, et al.*, No. 12 Civ. 8095 (S.D.N.Y.); *Sanjaya, et al. v. Inakaya USA Inc., et al.*, 12 Civ. 4500 (S.D.N.Y.); *Han v. AB Gansevoort*, No. 11 Civ. 2423 (S.D.N.Y.); *Marte v. Energy Resources*, No. 11 Civ. 2490 (S.D.N.Y.); *Han v. Sterling National Mortgage*, No. 09 Civ. 5589 (E.D.N.Y.); *Amaya v. 166 Park*, No. 11 Civ. 1081 (E.D.N.Y.). In each such action, class counsel was approved for a rate of $550 per hour, however noting, for the avoidance of doubt, that such approved fees were based on a percentage of the fund method with a lodestar cross check. See *Metodio v. Down & Dirty Tacos Meatpacking LLC, et al.*, Case No. 15 Civ. 8754 (AKH) (July 14, 2017) Transcript at 16:17-17:8 (Judge Hellerstein specifically approved counsel's rate as reasonable). See also *Andrews v. Blick Art Materials, LLC*, No. 17-CV-767, 2017 U.S. Dist. LEXIS 121007, 2017 WL 3278898, -- F.Supp.3d -- (E.D.N.Y. Aug. 1, 2017) in which the Court concluded the negotiated fee is reasonable in light of Plaintiffs' counsel's submitted lodestar ("The parties skillfully litigated the threshold issue in this case about whether the ADA applies to the internet…Plaintiff's counsel demonstrated skill and experience in shepherding this case through the settlement process"). Recently, class counsel was approved for a rate of $650 per hour in *Orellana v. Pio Pio NYC, Inc.,* et al., Index No. 155941/16 (New York Supreme Court). *But see*, *Gonzalez v. Scalinatella, Inc*., No. 13 Civ. 3629, among others, in which the hourly rates of LLG counsel and paralegals were reduced.

**Legal Fees and Expenses**

4. Class Counsel has spent more than 118 attorney and paralegal hours prosecuting and settling this case. Multiplying these hours by the hourly rate of each attorney and paralegal results in a lodestar amount of $53,242.50. The amount of work incurred represents a multiplier of 1.88x the legal fees of $100,000 contemplated under the Settlement Agreement, to be paid from the Settlement Fund. Contemporaneous time records are attached hereto as **Exhibit A**.

5. To date, Class Counsel has incurred actual legal expenses of approximately $2,275 which were incidental and necessary to the representation of the Class. These expenses include filing fees, and costs associated with mediation. A listing of these expenses, including receipts, is attached hereto as **Exhibit A**.

6. Class Counsel's efforts to date have been without compensation, and their entitlement to payment has been wholly contingent upon achieving a positive result. The

Settlement Agreement allows Class Counsel to seek reimbursement of $100,000 to cover legal fees, to be paid from the Settlement Fund, and reimbursement to cover existing and future expenses and costs, to be paid from the Settlement Fund.

7. Class Counsel undertook to prosecute this action without any assurance of payment for their services, litigating this case on a wholly contingent basis in the face of tremendous risk. Class Counsel stood to gain nothing in the event the case was unsuccessful.

8. Federal Judges and Magistrate Judges in the Southern and Eastern Districts have repeatedly acknowledged and praised both me and my work in class action litigations:

- Hon. Joseph F. Bianco, U.S.D.J., stated: "The quality of the representation here has been extremely high. As I pointed out, all the papers in this case have been of high quality and its clear to me that class counsel who has significant experience, did an excellent job of representing the class and achieving an excellent result for the class under the circumstances." *Han v. Sterling National Mortgage Company Inc., et al.*, No. 09 Civ. 5589 (E.D.N.Y.), Transcript of Civil Cause for Oral Argument and Decision (August 9, 2012) at 16;

- Hon. Brian M. Cogan, U.S.D.J., stated: "[Among] plaintiffs' lawyers who bring [FLSA] actions, [C.K. Lee] is definitely at the high end in terms of [his] ability to prosecute these cases…" *Sierra v. Triple J. Associates of Queens, Inc.*, No. 12 Civ. 4462 (E.D.N.Y.) Transcript of Conference (October 11, 2013) at 20;

- Hon. Ronald L. Ellis, U.S.M.J., stated: "[Lee Litigation Group, PLLC] are experiences employment lawyers [and have] demonstrated their commitment to representing [workers'] interests." *Viafara v. MCIZ Corp., et al.*, No. 12 Civ. 7452 (S.D.N.Y.), Opinion and Order (May 1, 2014) at 16;

- Hon. Katherine Polk Failla, U.S.D.J., stated: "I have no doubt as to the quality of the representation in this case. I know both [Mr. Lee and Ms. Seelig] who have appeared before me in this and many other cases, and they do have substantial and very useful experience in this regard…" *Perez v. Dos Toros, LLC, et al.*, No. 14 Civ. 9183 (S.D.N.Y.), Transcript (January 28, 2016) at 24-25;

- Hon. Lewis A. Kaplan, U.S.D.J., stated: "I have nothing but admiration for the *pro bono* and other services that [C.K. Lee] render[s] for clients who do not have any advantages. I not only approve, but admire [his work]…" *Mohamed v. Ess-a-Bagel*, No. 13 Civ. 8726 (E.D.N.Y.), Transcript (November 17, 2015) at 27.

- Hon. Jack Weinstein, U.S.D.J. stated: "Plaintiff's counsel demonstrated skill and experience in shepherding this case through the settlement process. The relief obtained for the putative class in the settlement is fair and adequate." See *Andrews v. Blick Art Materials, LLC*, No. 17-CV-767, 2017 U.S. Dist. LEXIS 121007, 2017 WL 3278898, -- F.Supp.3d -- (E.D.N.Y. Aug. 1, 2017).

9. As a result of these class and collective actions, LLG has recovered millions of dollars for tens of thousands of employees.

10. The requested attorneys' fees are not based solely on time and effort already expended, they are also meant to compensate Class Counsel for future hours that they will be required to expend administering the settlement in the future. Class Counsel anticipates spending additional time with respect to preparation for and attending the Fairness Hearing, and, most significantly, responding to Class Members' inquiries throughout the lengthy payment plan and after checks are issued.

11. In this case, with more than approximately 273 Class Members and a lengthy 14-month payment plan that will be fully funded in September 2018, the involvement of Class Counsel and incursion of fees for continued legal work is expected to be significant. In Class Counsel's experience, finalizing a class settlement of this nature and size requires a substantial and ongoing commitment. Some of the post-approval work counsel expects to be required to perform includes, but is not limited to:

- Telephone calls and in-person meetings with Plaintiff and Class Members regarding case status and other inquiries;

- Discussions with Class Members regarding the released claims, any other claims they had or may have, and whether they may bring other claims separately if they arise;

- Communications with Class Members regarding discrepancies in their work periods;

- Communications with Class Members and Defendants' counsel regarding Class Members that contact our firm that are not on the class list but believe they should be included in the settlement and receive a payment;

- Communications with Plaintiff and Class Members regarding tax inquiries, including questions about withholdings and reporting;

- Communications with Class Members following the mailing of settlement checks including inquiries as to when their check(s) will arrive, why they didn't receive a check, why their co-worker may have received a larger check than they did, and various other communications regarding the checks;

- Communications with Class Members after settlement checks expire that either received their check late or failed to cash within the valid check period, requesting information about how or if they may obtain a new check and the consequences for not cashing their checks within the period; and

- Communications with Class Members that may move out of the country and discussion as to how and if they may be able to receive their settlement payment overseas.

Such post-approval legal work will increase Class Counsel's lodestar and result in a reduced lodestar cross-check multiplier.

12. Moreover, as LLG infrequently allocates resources to paying clients, it is good public policy and essential for our practice that we are compensated on a percentage of the fund basis, with a lodestar cross-check, on cases in which a favorable class settlement is reached. Any reduction in the requested award of attorneys' fees of 1/3 of the settlement fund has a chilling effect on the ability of LLG and other firms' to engage in litigation for plaintiffs. For example, certain large plaintiffs' law firms have ceased pursuing risky cases because they are not profitable[1]. Plaintiff firms are rarely successful in working both sides of the bar. From LLG's experience in working on a limited number of defense side cases, judges and plaintiff lawyers immediately will use arguments our firm has made in other plaintiff side cases against our defendant clients. Because of this, LLG only engages a very limited number of defense side clients.

13. Awarding LLG the requested fees allows the firm to further undertake risky cases which assert new applications of law to promote good works:

- Lee Litigation Group represented blind individuals in a suit against McDonalds (*DiCarlo, et al. v. McDonald's Corporation*, et al., No. 15-cv-2273) to make soda machines accessible to visually impaired individuals (despite three precedent cases where similar claims were dismissed);

- Lee Litigation Group represented blind individuals suing New York City to install audio indicators intended to make it safe for blind people to cross intersections. *West et al. v. City of New York et al.*, 16-cv-02299 (S.D.N.Y.);

- LLG represented consumers against various deodorant manufacturers, alleging unlawful short filling of deodorant dispensers, which was dismissed due to preemption of the FDA. See *Bimont v. Unilever*, No. 14 Civ. 7749, 2015 WL 5256988 (S.D.N.Y. Sept. 9, 2015);

---

[1] Upon information, Labaton Sucharow ceased pursuing investigation of consumer fraud cases in 2016.

- Lee Litigation Group represents disabled children for education expense reimbursement under IDEA in the Second Circuit. *T.F. v. New York City Department of Ed.*, 2d. Cir. 15-3383;

- Many cases, especially website access cases on behalf of blind individuals, are dismissed for various reasons due to the uncertainty in the law. *Marrett v. Gilt Groupe Holdings, Inc.*, No. 17-cv-713 (S.D.N.Y.), *West v. Five Guys Enterprises, LLC*, No. 15-cv-2845 (S.D.N.Y.), *Gil v. Florida Power & Light Company*, No. 16-cv-24180 (Southern District of Florida), *Del-Orden v. Reebok International Ltd.*, No. 15-cv-8101 (S.D.N.Y.), *Andrews v. American Spatula LLC*, No. 17-cv-766 (E.D.N.Y.);

- LLG has recently received two opinions in blind website access cases, the first of their kind in this Circuit, each denying motions to dismiss and determining that the subject websites and businesses are places of public accommodation under the ADA and New York state laws. See *See Andrews v. Blick Art Materials, LLC*, No. 17-CV-767, 2017 U.S. Dist. LEXIS 121007 (E.D.N.Y. July 31, 2017); See also *Markett v. Five Guys Enters. LLC*, No. 17-cv-788 (KBF), 2017 U.S. Dist. LEXIS 115212 (S.D.N.Y. July 21, 2017);

- LLG represented a blind individual against the MTA to install protective barriers on subway platforms. See *West v. NYC Transit Authority*, MTA Claim No: TA 2017 0505 0018 001;

- LLG represented blind individuals in an action against the MTA to install electronic screens for the hearing impaired for public service announcements. *De Jesus v. NYC Transit Authority*, No. 17-cv-7054 (S.D.N.Y.).

14. In all of the aforementioned cases, LLG undertook the <u>entire</u> financial burden and risk. Other than the *West* matter, LLG received no compensation whatsoever for pursuing such risky claims.

15. LLG also loses money in employment cases where, although the suit does not involve novel legal issues, collection was impossible. A selection is provided below:

- LLG has frequently brought cases to trial where, even after obtaining judgments, no amounts have ever been collected. *Zhong v. New Fortune Travel & Transportation, Inc., et al.*, No. 10-cv-0806 (E.D.N.Y.);

- LLG has brought cases to trial at considerable expense and did not even submit a fee application, knowing that Defendants would be unable to satisfy any judgment *Chen et al v. WAI ? Cafe Inc. et al*, 10-cv-07254 (S.D.N.Y.);

- Because LLG represents indigent plaintiffs on a contingency fee basis, clients frequently abandon their cases and LLG incurs time and unpaid

fees resulting from appearances and motion practice regarding withdrawal. See i.e., *Ching v. La Vie en Szechuan Corp., et al.,* 15-cv-6313 (SDNY), (Lee Litigation Group had to attend 3 hearings to withdraw).

16. The retainer agreement entered into by and between LLG and the named Plaintiff provides for LLG to receive 33 1/3%, plus costs and expenses, of any class recovery.

17. For all of the aforementioned reasons above, summarized below, Class Counsel's request for attorneys fees and costs should be granted in its entirety:

- Counsel's educational background and experience prosecuting large scale class and collective wage and hour actions on behalf of employees;

- Counsel's skill in bringing about the settlement;

- The acknowledgement and praise Counsel has received from various Federal and Magistrate Judges;

- The time spent by Counsel investigating and litigating this case;

- Counsel's round-the-clock availability to Plaintiffs;

- The time commitment to post-approval legal work required;

- The reasonableness of the lodestar multiplier (both exclusive and inclusive of the anticipated post-approval work);

- Courts' acknowledgements that a 1/3 settlement fund fee award is reasonable in this context; and

- Public policy considerations.

18. To date, Class Counsel has worked without compensation of any kind, and the fee has been wholly contingent upon the result achieved.

**Administration Fees and Expenses**

19. Advanced Litigation Strategies, LLC ("ALS") has extensive experience in providing court-approved notice of class actions and administering various types of class action settlements. As a class action settlement claims administrator, ALS is accustomed to being approved by Courts in this Circuit and District to provide notices of settlement and claims processing services. See e.g., *Santiago v. Rivka, Inc., et al.,* No. 15 Civ. 9184 (S.D.N.Y.); *Jin v. Spa Castle Inc., et al.,* No. 14 Civ. 5545 (E.D.N.Y.); *Galvez v. Lucky Pearl, LLC, et al.,* No. 15 Civ. 5177 (S.D.N.Y.); *Hernandez v. McGees Bar & Grill Inc., et al.*, No. 15 Civ. 6067 (S.D.N.Y.); *Corte v. Fig & Olive Founders LLC, et al*., No. 14

Civ. 7186 (S.D.N.Y.); *Alvarado v. Dublin 6 at 115 Broadway, Inc., et al.*, No. 14 Civ. 3939 (GWG) (S.D.N.Y.); *Carillo v. 27-39 East 30 Rest. Corp., et al.*, No. 13 Civ. 4491 (S.D.N.Y.); *Sanchez v. JMP Ventures, L.L.C., et al.,* No. 13 Civ. 7264 (GWG) (S.D.N.Y.); *Romero v. La Revise Associates, LLC, et al.*, No. 12 Civ. 8324 (S.D.N.Y.); *Lin, et al. v. Benihana National Corp., et al.,* 10 Civ. 1335 (S.D.N.Y.); *Viafara v. MCIZ Corp.*, 12 Civ. 7452 (S.D.N.Y.); *Sierra v. Triple J. Associates of Queens, Inc.*, No. 12 Civ. 4462 (E.D.N.Y.); *Khamsiri, et al. v. George & Frank's Japanese Noodle Rest. Inc., et al.*, No. 12 Civ. 0265 (S.D.N.Y.); *Flores, et al. v. KC 53 LLC, et al.*, No. 12 Civ. 8095 (S.D.N.Y.).

20. ALS has acted as the Settlement Administrator in this lawsuit and has disseminated Class Notice to Class Members, performed calculations of awards to each Class Member, and maintained correspondences with Class Members.

21. Defendants provided a class list of 273 Class Members to ALS. ALS mailed the Court-approved class and collective notices ("Notices") to 273 Class Members for whom contact details had been provided by Defendants. 39 mailed notices were returned as undeliverable. ALS conducted a skip trace using the national change of address database, and through Accruint, one of the most comprehensive address databases for skip tracing, as well as searches through the public records for each class notice that was returned as undeliverable. After diligently pursuing deliverable mailing information, ALS re-mailed notices to 4 Class Members, all of which were delivered.

22. ALS's efforts to date have been without compensation, and ALS's entitlement to payment has been wholly contingent upon achieving a positive result. The Settlement Agreement allows for administration fees to be paid from the Settlement Fund. The parties have agreed to administration fees of $25,000, to be paid from the Settlement Fund. Following the preliminary approval hearing, on September 27, 2017 the Court approved ALS as the Settlement Administrator.

23. By its preliminary approval Order, the Court requested the parties to submit prevailing market rates of claims administration companies of comparable skill and reputation as ALS. Attached as EXHIBIT B and C are comparable administration quotes provided by third-party administrators Simpluris and Total Class Solutions of approximately $35,000 for class administration with small class pools (less than a hundred class members). These quotes are approximately $10,000 more than the administration fees sought herein, despite the fact that the class in the instant action is more than double the size and administering the settlement requires significantly greater administration obligations, in view of the 14-month payment plan. Further, the quotes provided by Total Class Solutions and Simpluris represent prevailing market rates in 2013. Administration has only become more costly since then. As a direct comparable, attached as EXHIBIT D is an administration quote obtained for administering this settlement, by third party administrator Epiq Class Action & Claims Solutions. The Epiq administration quote of $37,523 exceeds the $25,000 administration fees charged by ALS in this matter.

24. The $25,000 administration amount takes into account the administrator's current and future fees and expenses. The Administrator will perform substantial additional work after the settlement is approved, especially as this case involves a fourteen-month payment plan and the settlement will not be fully funded until September 2018. Defendants do not contest the administration fees.

25. Administration fees of $25,000 are intended to compensate the Administrator for administering to a class pool of approximately 273 individuals, including providing bilingual services (English and Spanish) to Class Members. In cases with similar class pools of approximately 300 class members, ALS has been routinely awarded administration fees of $25,000. See *Flores, et al. v. KC 53 LLC, et al.*, No. 12 Civ. 8095 (S.D.N.Y.) ($25K); *Shariar v. Sukhmani, Inc., et al*., No. 13 Civ. 3823 (S.D.N.Y.) ($25K).

26. For larger class sizes, ALS has been awarded administration fees of between $40,000 and $65,000. *See Barbecho v. Matrat, LLC*, et al., No. 15 Civ. 170 (S.D.N.Y.) (awarding Advanced Litigation Strategies, LLC total administration fees of $40,000 for a class of 604 individuals); *Guaman, v. 5 "M" Corp., et al.*, 13 Civ. 3820 (awarding Advanced Litigation Strategies, LLC total administration fees of $40,000 for a class of 553 individuals).

27. The administrator ALS does not track and charge per hourly time spent and according rates as the administration staff are not attorneys and not doing legal work. Rather, the administrator's fees are based on industry standards and based on comparables. See EXHIBIT D, Epiq Class Action & Claims Solutions administration estimate for a detailed breakdown of the tasks, activity descriptions and summarized budget for administration of this case, as well as the standard industry rates utilized in such calculations. ALS has undertaken and will undertake, in connection with administering the settlement: among other tasks, class liability calculations, serving class notice to Class Members, conducting skip traces where necessary and corresponding with counsel regarding the results. Its ongoing administrative duties will include mailing settlement checks, updating Class Members' addresses, reissuing checks, on-going correspondence with Class Members and handling tax reporting. ALS will also incur out of pocket costs and expenses relating to photocopying, mailing, and postage.

**Service Awards**

28. The Settlement Agreement allows Class Counsel to seek a service award for the named plaintiff in the amount of $10,000, to be paid from the Settlement Fund.

29. Plaintiff Edgar Iturbide made important contributions to the prosecution and fair resolution of this action on behalf of the class members. He assisted Class Counsel's investigation and prosecution of the claims by providing detailed factual information regarding his job duties and those of other putative class members, the wages they were paid, the hours that they worked, and other information relevant to the claims. The Plaintiff was prepared to be deposed by Defendants, and was the sole person

assisting Class Counsel throughout the litigation. The Plaintiff attended and participated in the full day mediation, during which he discussed his claims and the class's claims with Ruth Raisfeld, at length.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 5th day of January, 2018
New York, New York

/s/ C.K. Lee
C. K. Lee
LEE LITIGATION GROUP, PLLC
30 East 39th Street, 2nd Floor
New York, New York 10016
***Attorneys for Plaintiff, FLSA Collective Plaintiffs and the Class***