# SETTLEMENT AND RELEASE AGREEMENT

This Settlement and Release Agreement (the "Agreement") is made and entered into by and between Alberto Vazquez Garcia, Octaviano Vazquez Garcia, Raul Cano Galindo, Andres Cornejal Montes and Abel Cano, on behalf of themselves, their agents, assigns, attorneys, heirs, successors, executors and administrators (hereinafter collectively referred to as, the "Plaintiffs"), on the one hand, and Cho Familia Dynastia, Inc. and Flor de Mar, Inc. ("Restaurant Defendants") and Marvin Chu ("M. Chu"), Dennis Chu ("D. Chu") and Nelson Cho ("Cho") (collectively referred to as, the "Defendants"), on the other hand.  Plaintiffs and Defendants hereinafter referred to as the "Parties."

**WHEREAS**, on or about November 16, 2018, Plaintiffs filed a motion to intervene in the matter pending in the United States District Court for the Southern District of New York, bearing the caption *Iturbide v. Cho Family Dynastia, Inc. d/b/a Flor de Mayo, et al.*, No. 17-CV-0596 (SN);

**WHEREAS**, on or about April 4, 2019, the Court granted Plaintiffs' motion to intervene;

**WHEREAS**, on or about April 25, 2019, Plaintiffs filed an Intervenor Complaint alleging, among other things, that Defendants violated the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL") by failing to pay Plaintiffs overtime and minimum wages, failing to provide accurate NYLL 195(1) wage notice forms, failing to reimburse Plaintiffs for work-related expenses, failing to pay spread of hours premiums, and failing to provide accurate NYLL 195(3) wage statements (the "Complaint" or the "Action");

**WHEREAS**, Defendants deny all allegations of wrongdoing made by Plaintiffs and the Court has not made any findings with respect to the merits of Plaintiffs' claims;

**WHEREAS**, the Parties have determined it to be in their mutual interests to settle and terminate the Action, without incurring the further burden, risk, and expense of continued litigation, subject to the terms and conditions set forth herein;

**WHEREAS**, the Parties desire to have no further obligations to each other, except as specifically provided herein; and

**NOW, THEREFORE**, for good and valuable consideration, the sufficiency of which is acknowledged hereby, and in consideration of the mutual covenants and undertakings set forth herein, the Parties agree as follows:

   **1.   Consideration.**  In exchange for and in consideration of the covenants and promises contained herein, including Plaintiffs' release of claims as set forth in Paragraph 3 below, and in full and final settlement of all of Plaintiffs' claims against Defendants in the Action, Defendants will provide Plaintiffs with a total payment of One-Hundred Seventeen Thousand and Five-Hundred Dollars and Zero Cents ($117,500.00) (the "Settlement Payment") as follows:

(a) Within thirty (30) days of (a) the District Court issuing an Order approving the parties' Agreement and dismissing this matter with prejudice, and (b) the receipt, by Defendants' Counsel, of a fully completed and executed IRS Form W-4 from each Plaintiff, a fully completed and executed IRS Form W-9 from each Plaintiff, and a fully completed and executed IRS Form W-9 from Fisher Taubenfeld LLP, Defendants shall make payments to Plaintiffs and their counsel (Fisher Taubenfeld LLP), pursuant to the payment plan attached hereto in **Exhibit A**, totaling Three Thousand Six Hundred and Seventy-One Dollars and Eighty-Eight Cents ($3,671.88) (the "Initial Payment").

(b) Commencing on the last day of the first full month after the Initial Payment, Defendants shall make thirty-one (31) additional monthly payments to Plaintiffs and their counsel (Fisher Taubenfeld LLP), on the last day of each such month, in the total amount of Three Thousand Six Hundred and Seventy-One Dollars and Eighty-Eight Cents ($3,671.88) ("Monthly Installment Payment"). The thirty-one (31) monthly payments shall total One-Hundred Thirteen Thousand Eight Hundred and Twenty-Eight Dollars and Twenty Eight Cents ($113,828.28). These Monthly Installment Payments to Plaintiffs and their counsel (Fisher Taubenfeld LLP) shall be apportioned as set forth in Exhibit A.

(c) As set forth in Exhibit A, the Initial Payment and each Monthly Installment Payment to Plaintiffs shall be allocated for tax purposes as follows:

   i. Twenty-five percent (25%) of Plaintiffs' portion of each payment shall represent payment of alleged unpaid wages claimed by the respective Plaintiff. Defendants will report this amount as wages earned on an IRS Form W-2, from which all applicable taxes, withholdings and authorized deductions shall be made.

   ii. Seventy-five percent (75%) of Plaintiffs' portion of each payment shall represent alleged liquidated damages, statutory penalties and interest due and owing under the FLSA and NYLL. Consequently, the Parties agree that Defendants shall report such amount as income to the respective Plaintiff on an IRS Form 1099 with box #3 checked.

(d) All payments made to Fisher Taubenfeld LLP as set forth in Exhibit A shall represent attorneys' fees and disbursements, to be reflected on an IRS Form 1099.

(e) Of the combined payments set forth in paragraphs (a) and (b) of this section, Plaintiffs shall receive a total of Seventy-Eight Thousand Nine Hundred and Forty Three Dollars and Sixty Five Cents ($78,943.65) and Fisher Taubenfeld LLP and TakeRoot Justice shall receive a combined total of Thirty-Seven Thousand Four Hundred and Ninety Two Dollars ($37,492) in attorneys' fees and One Thousand and Sixty Four Dollars and Thirty Five Cents ($1,064.35) in expenses. All payments under this Paragraph shall be delivered to Fisher Taubenfeld LLP, 225 Broadway, Suite 1700, New York, NY 10007.

(f) Pursuant to Paragraph 5 below, upon execution of this Agreement, the Parties agree to execute the "Stipulation and Order of Dismissal with Prejudice," in the form

2

annexed hereto as **Exhibit B**, which will be filed with the Court along with the Joint Motion for Approval of the Agreement.

(g) In the event Defendants' monthly installment payments, as required under Paragraph 1 of this Agreement, are not received within ten (10) days of the due date, Plaintiffs' counsel shall provide written notice to Defendants' Counsel, William H. Ng, Esq., by email at WNg@littler.com regarding any missed monthly installment payments. Defendants shall have five (5) business days from receipt of such written notice to remedy their default. Notice shall be deemed received by Defendants on the date written notice is emailed or mailed to Defendants' Counsel. Should Defendants fail to timely remedy their default, the provisions set forth bellow in Paragraph 23 shall apply.

2. **Full Payment for FLSA claims.** Plaintiffs agree and affirm that the payments described in Paragraph 1 above shall constitute the entire amount of monetary consideration provided to Plaintiffs and Plaintiffs' legal counsel for their wage and hour claims. This amount shall include compensation for alleged damages to Plaintiffs and for any and all harm which they may have suffered because of any acts or omissions of the Defendants as alleged in the Action or relating in any way to their relationship with Defendants, including any claims for wages, minimum wage, or overtime pay under state and federal law or common law. Plaintiffs agree that these payments are inclusive of any claim for attorney's fees, costs, interest and/or other expenses.

3. **Release of Claims.** In exchange for and in consideration of the covenants and promises contained herein, Plaintiffs, individually and on behalf of themselves and, if any, their spouse(s), domestic partner(s), children, agents, assignees, heirs, executors, beneficiaries, legal representatives and assigns, hereby waives, discharges and releases, the Defendants and their current and former parents, subsidiaries, divisions, branches, assigns and affiliated and related entities and its or their respective predecessors, successors, employee benefit plans, and present and former directors, officers, partners, investors, shareholders, fiduciaries, insurers, owners, employees, representatives, agents and attorneys, in their individual and representative capacities, and their immediate family, heirs, beneficiaries, assigns, and present and/or former fiduciaries, representatives, agents and attorneys (collectively, the "Released Parties") from any and all actions, causes of action, obligations, liabilities, claims and demands which were asserted, or which could have been asserted, in the Action, under the Fair Labor Standards Act, the New York State Labor Law and/or any federal, state or local wage statute, code, or ordinance, which are related to any alleged unpaid or underpaid wages or overtime, or other unpaid or underpaid wages or compensation (including any claims for breach of contract seeking lost or unpaid wages), including reimbursement for expenses, and any related penalties, interest, costs, attorneys' fees, compensatory damages, punitive damages, and liquidated damages, whether known or unknown, contingent or otherwise, and whether specifically mentioned in this Agreement or not, regardless of when they accrued until the date Plaintiffs sign this Agreement.

This release of wage and hour claims includes, but is not limited to, all claims for unpaid minimum wage, overtime, commissions, whether based on common law or otherwise, and all claims for improper deductions, travel time, spread of hours pay, bonuses, expenses, reimbursements, gratuities, tip credits, tip allowances, service charges and retained gratuities

during Plaintiffs' employment with Defendants and any other compensation or wages, liquidated damages, compensatory damages, punitive damages, penalties, attorneys' fees, interests and/or costs related to the claims filed in this Action.  Plaintiffs agree that they hereby waive any right that they may have to seek or to share in any relief, monetary or otherwise, relating to any claim released herein, whether such claim was initiated by them or not.

4. **Covenant Not to Sue**: Plaintiffs agree not to file a lawsuit or commence any other legal proceeding against the Defendants concerning any matter released in this Agreement.  If any of the Plaintiffs breach the provision of this Paragraph, Defendants will be entitled to seek recovery of their costs, including their reasonable attorney's fees, relating to the Defendants' enforcement of this Agreement and/or defense of such claims. Except to enforce the terms of this Agreement, Plaintiffs shall not institute, be represented in, participate in, or permit to be submitted or filed on Plaintiffs' behalf any claim whatsoever, whether in an individual, class, collective, or other action, before any administrative agency, court, or other forum or accept any relief or recovery from or against Defendants concerning claims that Plaintiffs have, had, or may have against Defendants under the FLSA, NYLL, and NYCRR. In the event any class or collective action that is brought against Defendants includes or may include Plaintiffs, they shall withdraw therefrom as soon practicable without obtaining or accepting any relief or recovery upon learning of Plaintiffs' inclusion or will be in breach hereof.

5. **Submission to Court for Approval and Purposes of Dismissing the Action With Prejudice**:

Upon execution of this Agreement, the Parties agree to immediately execute the "Stipulation and Order for Dismissal with Prejudice," in the form annexed hereto as **Exhibit B**, which will be filed with the Court along with the Joint Motion for Approval of the Settlement Agreement.  Court approval and dismissal of this action is a material condition of this Agreement and the Parties' obligations hereunder.  Failure of the Court to approve this Agreement and the Parties' Stipulation and Order for Dismissal with Prejudice renders this Agreement null and void and no payments shall be made pursuant to Paragraph 1 of the Agreement.

6. **Taxes and Withholdings**:  Defendants make no representations regarding the tax treatment, taxability, and/or non-taxability of the payments referenced in Paragraph 1. Plaintiffs acknowledge that they have been advised to seek independent legal advice regarding the tax treatment, taxability, and/or non-taxability of the payments referenced in Paragraph 1 and have not relied upon any representation of Defendants on that subject.  Plaintiffs understand and agree that they shall be solely and exclusively responsible for the payment of any and all federal, state and/or local taxes, including any interest and/or penalties assessed thereon, associated with the payments referenced in Paragraph 1 (or any portion thereof), except for the employer's portion of any employer paid tax associated with such payments, including the employer's share of Social Security or Medicare tax.

7. **Bona Fide Dispute**:  This Agreement is in settlement of disputed claims. The Parties agree that there is a *bona fide* dispute as to whether Plaintiffs could prevail on the merits of their claims in the Action and that the amount being paid to Plaintiffs, as set forth herein, is a fair and reasonable resolution to this *bona fide* dispute.

4

8. **No Admission of Liability**: Neither this Agreement nor anything contained herein constitutes or is intended to constitute any finding of fact, admission of liability or assessment of liability by or against any Defendant under any law, ordinance, rule, regulation, policy or order with respect to any claim that Plaintiffs have asserted, could have asserted or may assert in connection with Plaintiffs' employment. Defendants have consistently denied, and continue to deny, each and every allegation of wrongdoing made by Plaintiffs, and have agreed to enter into this Agreement for the sole purpose of avoiding the cost and inconvenience of further litigation.

9. **Mutual Non-Disparagement**: Plaintiffs agree that they will not make, or cause to be made, any critical, derogatory, disparaging, defamatory or untruthful statements about the Defendants, their family members, or any of the Releasees, whether by electronic, written or oral means, to any of Defendants' past, present or future customers, competitors, employees, or to any other person (including, but not limited to, his employers, the press or other media). The language of this Paragraph 9 shall not prohibit Plaintiffs from making truthful statements about their experiences litigating this case or working for Defendants. The Individual Defendants agree that they will not make, or cause to be made, any critical, derogatory, disparaging, defamatory or untruthful statements about the Plaintiffs, whether by electronic, written or oral means, to any of Plaintiffs' employers, potential employers, or to any other person (including, but not limited to, the press or other media). This Paragraph 9 shall not prohibit Individual Defendants from making truthful statements about their experiences litigating this case.

10. **Changes to the Agreement**: No modifications or amendments to, or waiver or termination of, any terms, conditions or provisions of this Agreement may be made or enforced unless in writing and signed by all Parties.

11. **No Other Complaints or Charges**: Plaintiffs hereby represent that other than the Action, they have no pending actions, administrative charges or complaints, grievances or arbitrations involving Released Claims against any of the Releasees. Moreover, Plaintiffs are currently unaware of any other claims other than those alleged in this lawsuit relating to their employment with the Defendants.

12. **Governing Law**: This Agreement, and all of its terms, shall be interpreted, enforced and governed under the laws of the State of New York, without regards to conflict of laws principles.

13. **Jurisdiction**: The Parties expressly agree that the United States District Court for the Southern District of New York ("SDNY") shall retain sole and exclusive jurisdiction over any action or proceeding to enforce or otherwise arising out of this Agreement.

14. **Assignment of Claims**: Plaintiffs hereby represent and warrant that they have not assigned or transferred or purported to assign or transfer to anyone any claim, action or cause of action based upon, arising out of, or connected in any way with any of the matters released herein.

15. **Voluntary Agreement**: Plaintiffs represent and agree that:

    (a) they are not suffering from any impairment that would render them incapable of reading, considering and understanding the terms of this Agreement, and are fully able to read, consider and understand the terms of this Agreement, all of which have been explained to them;

    (b) they have signed this Agreement freely and voluntarily and without duress;

    (c) no promise or representation of any kind or character, other than those contained in this Agreement, has been made by any of the Releasees or anyone acting on their behalf to induce Plaintiffs to enter into this Agreement; and

    (d) they were advised and hereby are advised to consider carefully the terms of this Agreement and consult with legal counsel prior to executing it, and have had a reasonable period of time in which to consider the terms of this Agreement before executing it.

  16. **Full and Complete Agreement**:  This Agreement constitutes the full, complete, and entire agreement between the Parties regarding the subject matter hereof, i.e., wage and hour claims and fully supersedes any and all prior agreements, negotiations, promises and understandings between the parties hereto.

  17. **Waiver**:  No provision herein may be waived unless in writing and signed by the Party or Parties whose rights are thereby waived.  Waiver of any one provision, or portion thereof, shall not be deemed a waiver of any other provision herein.  The waiver of any breach of any provision of this Agreement by any Party shall not be deemed a waiver of any subsequent or prior breach.

  18. **Fair Meaning**:  The language of all parts of this Agreement shall in all cases be construed as a whole according to its fair meaning, and not strictly for or against any of the Parties, regardless of who drafted it.

  19. **Counterparts**:  This Agreement may be signed in counterparts, each of which shall serve as an original as against any party who signed it, and all of which together shall constitute one and the same document.  An original or copy of a party's signature on this Agreement shall be acceptable in any proceeding against that party to enforce this Agreement.  This Agreement may be signed and/or delivered electronically, which shall be as effective as an original document.

  20. **Headings**:  The headings in this Agreement are for the convenience of the Parties and are not intended to modify any of the terms of this Agreement.

  21. **Notices**: All notices or communications under this Agreement shall be delivered by hand, registered mail, certified mail (return receipt requested), or overnight mail to the address of Defendants' Counsel or Plaintiffs' Counsel, respectively, as follows:

  <u>Defendants' Counsel</u>:
  William H. Ng

    Paul R. Piccigallo
    Littler Mendelson, P.C.
    290 Broadhollow Road, Suite 305
    Melville, NY 11747
    (631) 247-4700
    WNg@littler.com
    PPiccigallo@littler.com

    Plaintiffs' Counsel:

| | |
|---|---|
| Tito Sinha | Michael Taubenfeld |
| TakeRoot Justice | Fisher Taubenfeld LLP |
| 123 William St., 16th Floor | 225 Broadway, Suite 1700 |
| New York, NY 10038 | New York, NY 1007 |
| (646) 459-3032 | (646) 741-3490 |
| tsinha@takerootjustice.com | michael@fishertaubenfeld.com |

Either Party may give notice of change of address in writing as set forth in this Paragraph. If registered or certified mail is used, actual delivery will be deemed to be the date set forth in the official U.S. Postal Service date stamp on the registered or certified mail receipt.

    22.    All Defendants by signing below are jointly and severally liable and also jointly and severally guarantee the payment of the Settlement Payment in accordance with the terms of this Agreement.

    23.    As security for the Settlement Payment, all Defendants shall execute a Confession of Judgment in the amount of the Settlement Payment in the form annexed as **Exhibit C.** In the event that any of payments required hereunder are not received by Plaintiffs' counsel on or before the due date of any payment and Defendants fail to timely cure their late payment in accordance with Paragraph 1(h) of this Agreement, an accelerated amount 150% of all payments remaining under this Agreement, giving Defendants credit for any amounts previously paid toward the Settlement Payment, shall become immediately due and owing. Plaintiffs, at their election, may choose thereafter to file the Confession of Judgments without further notice, and shall be entitled to exercise all legal and equitable rights to seek enforcement of this Agreement for any part of the Settlement Payment remaining due. This amount is not a penalty, but reflects the actual and statutory damages and costs Plaintiffs believe they could recover at trial   To facilitate the execution of the Agreement, the Individual Defendants shall provide their home addresses to Plaintiffs upon execution of this Agreement.

    24.    **Authority to Execute Agreement**: The undersigned individuals hereby warrant and represent that they have the full authority to make the representations and warranties contained in this Agreement, and to execute and perform this Agreement, on behalf of the individuals and entities for which or whom they have signed, and that they are acting within the scope of their authority.

**BY SIGNING THIS AGREEMENT, PLAINTIFFS ACKNOWLEDGE THAT THEY HAVE CAREFULLY READ THIS AGREEMENT, UNDERSTAND IT, AND ARE VOLUNTARILY ENTERING INTO IT ON THEIR OWN FREE WILL, WITHOUT DURESS OR COERCION, AFTER DUE CONSIDERATION OF ITS TERMS AND CONDITIONS.  PLAINTIFFS ARE ADVISED TO SPEAK WITH AN ATTORNEY BEFORE SIGNING THIS AGREEMENT.**

**IN WITNESS WHEREOF**, and intending to be legally bound thereby, the Parties have caused this Agreement to be duly executed on the date below noted.

**AGREED:**

**PLAINTIFFS**

**ALBERTO VAZQUEZ GARCIA**

_[signature]_

Dated: 11/11/2020

**OCTAVIANO VAZQUEZ GARCIA**

_____

Dated:_____

**RAUL CANO GALINDO**

By: _[signature]_

Dated: 11/12/2020

**ANDRES CORNEJAL MONTES**

_[signature]_

Dated: 11/12/2090

**ABEL CANO**

_[signature]_

Dated: 11/12/2020

8

**BY SIGNING THIS AGREEMENT, PLAINTIFFS ACKNOWLEDGE THAT THEY HAVE CAREFULLY READ THIS AGREEMENT, UNDERSTAND IT, AND ARE VOLUNTARILY ENTERING INTO IT ON THEIR OWN FREE WILL, WITHOUT DURESS OR COERCION, AFTER DUE CONSIDERATION OF ITS TERMS AND CONDITIONS. PLAINTIFFS ARE ADVISED TO SPEAK WITH AN ATTORNEY BEFORE SIGNING THIS AGREEMENT.**

**IN WITNESS WHEREOF**, and intending to be legally bound thereby, the Parties have caused this Agreement to be duly executed on the date below noted.

**AGREED:**

**PLAINTIFFS**

**ALBERTO VAZQUEZ GARCIA**

_____

Dated:_____

**OCTAVIANO VAZQUEZ GARCIA**

*/s/ Ov*

Dated: 11/11/2020

**RAUL CANO GALINDO**

By:_____

Dated: _____

**ANDRES CORNEJAL MONTES**

_____

Dated:_____

**ABEL CANO**

_____

Dated:_____

**DEFENDANTS**

**CHO FAMILIA DYNASTY, INC.**

By: _____

Dated: 11/13/20

**FLOR DE MAR, INC.**

By: _____

Dated: 11/13/20

**MARVIN CHU**

_____

Dated: 11/13/20

**DENNIS CHU**

_____

Dated: 11/13/20

**NELSON CHO**

_____

Dated:_____

**DEFENDANTS**

**CHO FAMILIA DYNASTY, INC.**

By: _____Nelson Cho_____

Dated: _____11/13/20_____

**FLOR DE MAR, INC.**

By: _____

Dated: _____

**MARVIN CHU**

_____

Dated: _____

**DENNIS CHU**

_____

Dated: _____

**NELSON CHO**

_____Nelson Cho_____

Dated: _____11/13/20_____

9

# **EXHIBIT A**

**Iturbide v. Cho Familia Dynastia, Inc. et al. Settlement Distribution to Intervenor Plaintiffs**
**Case No.: 17-cv-0596 (SN)**

Amounts in purple are the monthly checks to be paid.

|  | Settlement Distribution | Monthly Distribution over 32 Months | Liquidated Damages, Statutory Penalties, Interest (.75) | Unpaid Wages (.25) |
|---|---|---|---|---|
| Total Settlement | $117,500.00 | $3,671.88 |  |  |
| Less Costs | $1,064.35 | $33.26 |  |  |
| Less Attorneys Fees | $37,145.22 | $1,160.79 |  |  |
| Balance to Workers | $79,290.43 | $2,477.83 | $1,858.37 | $619.46 |
| Fisher & Taubenfeld LLP | $25,925.77 | **$810.18** |  |  |
| TakeRoot Justice | $12,283.80 | **$383.87** |  |  |
| Alberto Garcia Vazquez | $19,688.00 | $615.25 | **$461.44** | **$153.81** |
| Octaviano Garcia Vazquez | $23,892.68 | $746.65 | **$559.98** | **$186.66** |
| Raul Cano Galindo | $28,921.50 | $903.80 | **$677.85** | **$225.95** |
| Abel Cano | $3,950.17 | $123.44 | **$92.58** | **$30.86** |
| Andres Cornejal Montes | $2,491.29 | $77.85 | **$58.39** | **$19.46** |

**EXHIBIT B**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ALBERTO VAZQUEZ GARCIA, OCTAVIANO VAZQUEZ GARCIA, RAUL CANO GALINDO, ANDRES CORNEJAL MONTES, and ABEL CANO,

Intervenor-Plaintiffs,

-against-

CHO FAMILIA DYNASTIA, INC. d/b/a FLOR DE MAYO, FLOR DE MAR, INC. d/b/a FLOR DE MAYO, MARVIN CHU, DENNIS CHU, and NELSON CHO,

Intervenor-Defendants.

Case No. 17-CV-0596 (SN)

## STIPULATION AND ORDER OF DISMISSAL WITH PREJUDICE

**IT IS HEREBY STIPULATED AND AGREED**, by and between the parties, and ordered by the Court, that:

(a) the Parties' settlement of claims under the Fair Labor Standards Act is fair and reasonable in accordance with *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015); and

(b) the above-captioned action is dismissed *with prejudice* pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure and without costs, disbursements or attorneys' fees to any party, except as provided for in the parties' settlement agreement; and

(c) the Court shall retain jurisdiction of this matter for the sole purposes of enforcing the parties' settlement.

**TAKEROOT JUSTICE**

By: _S. Tito Sinha_
Tito Sinha
123 William St., 16th Floor
New York, NY 10038
(646) 459-3032
tsinha@takerootjustice.com

Dated: _____, 2020

**LITTLER MENDELSON, P.C.**

By: _[signature]_
William H. Ng
290 Broadhollow Road, Suite 305
Melville, New York 11747
(631) 247-4700
WNg@littler.com

Dated: Nov 13, 2020

**FISHER TAUBENFELD LLP**

By: _____
Michael Taubenfeld
225 Broadway, Suite 1700
New York, NY 10007
(646) 741-3490
michael@fishertaubenfeld.com

Dated: __11/13__ ___, 2020


**SO ORDERED:**

_____
U.S. District Court Judge


_____
Dated

**EXHIBIT C**

## AFFIDAVIT OF CONFESSION OF JUDGMENT

_____, being duly sworn, deposes and says:

1. I am the _____ of Cho Familia Dynastia, Inc.

2. Cho Familia Dynastia, Inc. is a New York State corporation, with its principal place of business located at 2651 Broadway, New York, NY 10025 in New York County.

3. This confession of judgment is for a debt due or justly to become due to Alberto Vazquez Garcia, Octaviano Vazquez Garcia, Andres Cornejal Montes and Abel Cano ("Intervenors") arising out of the facts below.

4. In early 2017, Edgar Iturbide brought an action entitled *Iturbide v. Cho Family Dynastia, Inc. d/b/a Flor de Mayo, et al.*, No. 17-CV-0596 (SN) in the District Court for the Southern District of New York under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA") and the New York Labor Law Articles 6 and 19 ("NYLL") alleging that his employer Cho Familia Dynastia, Inc. and Flor De Mar, Inc. both d/b/a Flor de Mayo, as well as various individual owners/operators Defendants Marvin Chu, Dennis Chu and Nelson Cho ("Defendants"), violated those statues (the "Action").

5. In 2018, the Court approved a class settlement between Defendants and a class certified by the Court.

6. In 2019, the Court permitted Intervenors to intervene in the case and opt-out of the class settlement.

7. Subsequently, on November \_\_\_, 2020, Defendants and Intervenors entered into a settlement agreement ("Agreement") for One-Hundred Seventeen Thousand and Five-Hundred Dollars and Zero Cents ($117,500.00) paid out over 32 months, paid in 32 installments of $3,671.87. The Agreement further provides that Defendants would provide a Confession of

Judgment to the Intervenors, to be held by Intervenors during the period in which the payments were to be made to Intervenors pursuant to the Agreement.

8. Under the terms of the Agreement, if Defendants (including myself) are in default for any portion of the Settlement Payment, Intervenors shall provide written Notice of Default to counsel for Defendants of their intent to file the Affidavit of Confession of Judgment in New York State Supreme Court within the applicable time period. To exercise this right, Plaintiffs shall notify counsel for Defendants of their intent to do so pursuant to the Agreement, and Defendants shall have the opportunity to timely cure any such Default within the applicable time period set forth in the Agreement. Plaintiffs may only file the Affidavit of Confession of Judgment only if Defendants fail to timely cure any Default.

9. I authorize and consent to the entry of judgment against Cho Familia Dynastia, Inc. in favor of Intervenors, in New York County, in the State of New York, in the sum of $205,625 less any payments made by Defendants to Intervenors under the terms of the attached Agreement, plus any attorneys' fees and costs incurred by Intervenors and hereby authorize Intervenors, their successors or assigns to request entry of judgment for that sum against me if Defendants or any of them breach Paragraph 1 of the Agreement, and to pursue satisfaction of such judgment by any lawful means.

10. This Confession of Judgment is not for the purpose of securing Intervenors against a contingent liability.

11. This affidavit of Confession of Judgment was not executed prior to the time of a default in payment of an installment in connection with the purchase of $1,500.00 or less of any commodities for any use other than a commercial or business use upon any plan or deferred payments whereby the price of cost is payable in two or more installments.

12. Terms used herein, but not defined, shall have the meanings ascribed to them in the Agreement.

Dated: New York, New York
October ___, 2020

_____
_____ on behalf of Cho Familia Dynastia, Inc.

Sworn to before me this
\_\_\_\_ day of \_\_\_\_, 2020.

_____
         Notary Public

commission expires: _____